USDC SDNY BERMAN, S.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

| | | |
|---|---|---|
| AMBAC ASSURANCE CORPORATION, | : | Index No. 08 Civ. 9464 |
| Plaintiff, | : | Judge Richard M. Berman |
|  | : | Magistrate Judge Theodore H. Katz |
| - against - | : | **Amended** CONFIDENTIALITY STIPULATION |
| EMC MORTGAGE CORPORATION, | : | AND PROTECTIVE ORDER PERTAINING TO MATERIALS |
| Defendant. | : | PRODUCED BY PULTE MORTGAGE LLC AND CTX MORTGAGE COMPANY LLC |

------------------------------x

Ambac Assurance Corporation ("Ambac") and EMC Mortgage Corporation ("EMC"), by and through their respective counsel, hereby agree and stipulate to the following provisions concerning the confidentiality of certain information, testimony, and documents obtained from Pulte Mortgage LLC and CTX Mortgage Company LLC ("Producing Parties") during discovery in this action:

WHEREAS, on November 5, 2008 Ambac filed a complaint in the United States District Court for the Southern District of New York against EMC in the above-captioned proceeding;

WHEREAS, Ambac and EMC (the "Parties") contemplate that each shall seek and produce documents, testimony, information or other materials which contain or relate to confidential, competitive, proprietary, or trade secret information, and/or nonpublic personal identifiable information relating to borrowers and/or consumers ("PII"), of or held by a Party or non-party (collectively "Confidential Materials");

WHEREAS, on March 10, 2010, Ambac served the Producing Parties with subpoenas that may result in the disclosure of Confidential Materials;

WHEREAS, the Parties desire to (i) expedite the flow of discovery, (ii) establish a mechanism to protect the disclosure of Confidential Materials, and (iii) avoid disputes relating to the disclosure of Confidential Materials or facilitate the prompt resolution thereof;

WHEREAS, the Parties desire to establish a mechanism to protect from disclosure, and to govern the treatment and preserve the privileged or protected status of inadvertently produced, privileged and/or work product protected materials ("Privileged Materials");

WHEREAS, the Parties desire that the production of PII pursuant to the terms of this confidentiality stipulation and protective order ("Order") is allowed for and is in compliance with the provisions of the Gramm-Leach-Bliley Act, and specifically, but not limited to, 15 U.S.C. § 6802(e)(8) thereof; and

WHEREAS, the Parties desire that the protections, rights and obligations set forth in this Order shall govern the production of Confidential Materials by the Producing Parties without the need for amendment or further orders by the Court.

IT IS THEREFORE HEREBY STIPULATED AND ORDERED:

1. **Scope:** This Order shall apply to all information and documents provided by the Producing Parties in the course of this action, whether written, electronic, oral or visual, and whether contained in documents, transcripts or otherwise.

2. **Designation of Confidential Materials:** The Producing Parties may, subject to the provisions of this Order, designate as CONFIDENTIAL any Confidential Materials (including any portion thereof and any summaries, abstracts or other information derived therefrom) it in good faith considers are entitled to that designation.

    a. To designate documents CONFIDENTIAL, the Producing Parties shall stamp such documents with a "CONFIDENTIAL" marking. To the extent marking is impossible or impractical (such as with documents produced in native electronic form), the producing party shall designate in writing the information or material it regards as CONFIDENTIAL at the time of its production. Any information produced by the Producing Parties in this litigation in an electronic or magnetic medium, (e.g., videotape, audiotape, computer disk, CD-Rom or similar medium) shall be designated as CONFIDENTIAL MATERIALS. If a Party creates a printed copy of the Confidential Materials contained in the

2

electronic medium, that Party has an obligation to take reasonable steps to ensure the continued confidentiality of such Confidential Materials by inserting a "CONFIDENTIAL" legend on each page of the document before such document may be distributed to or viewed by any person other than the attorneys for the Parties.

    b. To designate testimony given at a deposition as CONFIDENTIAL, a Party or Producing Party may make a statement to that effect on the record during the deposition. A Party or Producing Party also may designate such transcript or recording, or any portion thereof, including exhibits, as CONFIDENTIAL by notifying Ambac and EMC, in writing, of the specific pages and lines of the transcript or recording that should be treated as CONFIDENTIAL within 10 days of receipt of a transcript or recording of a deposition. During such ten-day period, all transcripts, recordings and exhibits from depositions that were not otherwise designated CONFIDENTIAL during the deposition shall be treated as CONFIDENTIAL under the terms of this Order. A Producing Party shall be notified of any deposition wherein any Confidential Materials produced by that Producing Party were used, identified, or discussed, and shall be given a copy of the portions of the transcript or recording of the deposition pertaining to such Confidential Materials as soon as it is available.

    3. **Event of Disagreement**:

    a. Notwithstanding any provisions of this Order, in the event of a disagreement as to whether materials properly have been marked and designated CONFIDENTIAL, the Producing Party asserting that the materials are entitled to such confidentiality designation shall have the burden of proving that the information at issue is entitled to the protection of this Order.

    b. Any documents, testimony, information or other materials that: (i) have been or become lawfully in the possession of any party through communications other than in production in this action including, but not limited to, as a result of legitimate business dealings by or between the parties, unless such information or documents are covered by separate non-disclosure or confidentiality obligations, in which case the parties may continue to use such information or documents in the course of their respective business subject to those

3

separate obligations; or (ii) have been or become part of the public domain by publication or otherwise, and not due to any unauthorized act or omission on the part of any party hereto or any of its authorized representatives or designees under this Order, shall not constitute Confidential Materials.

4. **Failure to Designate:** Inadvertent failure to designate Confidential Materials as CONFIDENTIAL at the time of production shall not be deemed a waiver of the Producing Party's right to so designate the material, and may be remedied by supplemental written notice. If such notice is given, all material so designated shall be subject to this Order as if it had been designated as CONFIDENTIAL at initial production. After a designation is made in accordance with this paragraph, the Producing Party shall re-produce the Confidential Materials with a CONFIDENTIAL mark, and all previously produced copies shall be destroyed. If the Parties have already annotated such material, the Parties shall work together to ensure work product is not lost.

5. **Use of Confidential Materials:**

   a. Subject to paragraph 5(b) below, material designated as CONFIDENTIAL may be disclosed only to (i) the Parties; (ii) the Parties' outside counsel; (iii) experts and consultants retained by the Parties or their counsel in connection with this action; (iv) the Court, Court personnel and court reporters employed in this action; and (v) outside vendors, such as copy services, computer services or litigation support services, to the extent necessary for the prosecution or defense of this action or compliance with a subpoena served in this action.

   b. Confidential Materials shall not be disclosed to any person described in subparagraph 5(a)(iii) until: (i) the party seeking disclosure has notified the Producing Party of the person's identity and provided 10 days notice to allow the Producing Party an opportunity to object to the disclosure and seek appropriate protection from the Court, (ii) the Producing Party has not objected within 10 days or its objection has been denied by the Court, and (iii) such person has been shown a copy of this Protective Order and has first agreed

4

in writing to be bound by its terms by executing the Non-Disclosure Agreement attached hereto as Exhibit 1.

  c. If a Party wishes to submit Confidential Materials to the Court, including but not limited to, by publicly filing them or appending them to publicly filed documents, before any such submission, the Party shall redact the following from the Confidential Materials:

   (1) all but the last four digits of any social security number or taxpayer-identification number;

   (2) the year of any individual's birth;

   (3) any minor's initials; and

   (4) the last four digits of any financial account number.

  d. Whether or not designated as Confidential Materials, all documents, deposition testimony and other information that is received from another Party or Producing Party in the course of this action (other than information that is publicly available other than by reason of having been filed with the Court in this action) shall be used by the parties to whom the information is provided solely for purposes directly related to the prosecution or defense of this action, or compliance with a subpoena therein and not for any business, competitive, or governmental purpose or function whatsoever, or in connection with any other action or proceeding.

  e. Any summary, compilation, notes, excerpt, copy, electronic image or database containing Confidential Materials shall be subject to the terms of this Order to the same extent as the material from which such summary, compilation, notes, excerpt, copy, electronic image or database is made or derived.

  f. Confidential Materials may be used to examine or cross-examine any witness at any hearing, deposition, or trial of this action. Where Confidential Materials produced by a Producing Party are to be so used during any hearing, deposition or at trial, the Parties shall give that Producing Party advance notice of such use. Each Producing Party shall have the right to request that the witness agree to be bound by the terms of this Order and shall

5

have the right to request the Court to exclude or sequester any person (other than attorneys and other persons who have agreed to be bound by the terms of the Order) during the disclosure of any Confidential Materials.

g.   Any person in possession of Confidential Materials who receives a subpoena or other process in another action or proceeding seeking production or other disclosure of the Producing Party's Confidential Materials shall promptly give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Producing Party, enclosing a copy of the subpoena or other process. In no event shall production or other disclosures be made before the later of (i) 10 days following the date on which notice is given, or (ii) the return date of the subpoena, unless otherwise required by applicable law or by court order.

h.   Confidential Materials that are used in this action or any appeal therefrom shall not lose their status as Confidential Materials through such use, and the Party using said information shall take all steps necessary to protect its confidentiality during such use, including, but not limited to, requesting the Court to review such information in camera.

i.   The attorneys of record in this action are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of and distribution of copies of Confidential Materials.

6.   **Unauthorized Use**: If Confidential Materials are disclosed to or come into the possession of any person other than in a manner authorized in this Order, the Party responsible for the disclosure shall immediately inform the Producing Parties and all other parties in possession of such Confidential Materials of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received the Confidential Materials.

7.   **Inadvertent Disclosures of Privileged or Protected Materials**:

a.   The inadvertent production or disclosure of any Privileged Materials protected by the attorney-client privilege, the attorney work-product doctrine, a joint-defense privilege or any other applicable privilege, immunity or protective doctrine (collectively a "Privilege") shall not constitute, or be considered as a factor suggesting, a waiver or

6

impairment of any claims of such Privilege. In the event of inadvertent production or disclosure, the Producing Party may provide written notice that Privileged Materials have been inadvertently produced or disclosed. Within 7 days of receipt of such notice, any person that has received such Privileged Materials shall return to the Producing Party all such material and copies thereof in its possession and shall make reasonable efforts to reclaim and return all such material.

    b.  Any Party receiving materials that, on the face, appear to be covered by a Privilege, shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to designate the materials as inadvertently produced Privileged Materials subject to the claw-back provision in subsection 7(a).

    8.  **No Limitation of Rights:**

    a.  Nothing herein shall prevent any party from seeking further or greater protection from the Court with respect to the use of any Confidential Materials in connection with this action.

    b.  Nothing herein shall be construed to affect the admissibility into evidence of any documents, testimony, information or other materials.

    c.  Nothing herein shall be construed to limit any party's use of its own Confidential Materials.

    9.  **Destruction of Confidential Materials:** All Confidential Materials and copies thereof (other than copies of documents filed with the Court and attorney work-product) shall be destroyed or returned to the Producing Parties within 90 days of a final adjudication or other termination of this action, including any appeals.

    10.  **Survival:** This Order shall continue in effect after termination of this action and continue to be binding on all persons to whom Confidential Materials was provided, and the Court shall maintain jurisdiction over the Parties for purposes of enforcing this Order.

    11.  **Execution By Signatures:** The Parties agree to be bound by the terms of this Order immediately upon execution by their counsel.

7

The Court retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated:   New York, New York
         June 7, 2010

PATTERSON BELKNAP WEBB & TYLER LLP
Attorneys for Ambac Assurance Corporation

By: /s/ Karla G. Sanchez
Karla G. Sanchez
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222

GREENBERG TRAURIG LLP
Attorneys for EMC Mortgage Corporation

By: /s/ Eric N. Whitney
Eric N. Whitney
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Fax: (212) 801-6400

So Ordered:

/s/ RMB
Honorable Richard M. Berman, U.S.D.J.
6/14/10

The Court retains discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x :

AMBAC ASSURANCE CORPORATION,        :   Index No. 08 Civ. 9464

             Plaintiff,        :   Judge Richard M. Berman
                                               Magistrate Judge Theodore H. Katz
     - against -        :

EMC MORTGAGE CORPORATION,        :

            Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## Non-Disclosure Agreement

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as CONFIDENTIAL MATERIALS. I agree that I will not disclose such CONFIDENTIAL MATERIALS to anyone other than my staff and other than for purposes of this action and as permitted under the Protective Order and that at the conclusion of the action I will return all discovery information to the party or attorney from whom I received it. I will instruct my staff not to disclose such CONFIDENTIAL MATERIALS. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Date

                                         Signature

                                        _____
                                        _____
                                        Job Title and Business Address