UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
              :

AMBAC ASSURANCE CORPORATION,    :  Index No. 08 Civ. 9464 (RMB) (THK)

          Plaintiff,    :

             :

  -against-         :

EMC MORTGAGE CORPORATION,    :

          Defendants.    :

             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**DEFENDANT EMC MORTGAGE CORPORATION'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO SEAL AMBAC ASSURANCE
CORPORATION'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Richard A. Edlin
Eric N. Whitney
Anastasia A. Angelova
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9280
Facsimile:  (212) 801-6400
EdlinR@gtlaw.com
WhitneyE@gtlaw.com
AngelovaA@gtlaw.com


*Attorneys for Defendant
EMC Mortgage Corporation*

## TABLE OF CONTENTS

Table of Contents ......................................................................................................... i

Table of Authorities ............................................................................................. ii-iii

I.     PRELIMINARY STATEMENT ................................................................... 1

II.    ARGUMENT -- EMC HAS GOOD CAUSE AND A COMPELLING NEED TO
SEAL THE EXHIBITS TO THE MOTION FOR LEAVE ............................. 3

     A.    Standard for Sealing Documents ...................................................... 3

          1.    The Second Circuit's Three-step Process ............................... 3

          2.    Any "Judicial Documents" Attached to the Motion for Leave
Have Low Presumption of Access. ...................................... 4

          3.    The Haas Declaration Exhibits at Issue Are Not "Judicial Documents" ......... 5

     B.    The Inflammatory Proposed Amended Complaint, the Memorandum of Law, and
the Haas Declaration and Specified Exhibits Thereto Should be
Sealed ............................................................................................ 6

     C.    The Court Should Seal the Exhibits to the Haas Declaration That Contain
EMC's Confidential Information .................................................... 9

          1.    The Deposition Excerpts Should be Sealed ...................... 11

          2.    The EMC Internal Documents Should Be Sealed ........................... 13

              a. The documents contain trade secret information ...................... 13

              b. Exhibits 15, 16 and 19 are privileged internal investigations
performed by or at the insistence of EMC and/or Bear Stearns .............. 14

III.    CONCLUSION ............................................................................................ 15

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Cedar Swamp Holdings, Inc. v. Zaman,*
    476 F. Supp. 2d 303 (S.D.N.Y. 2007)................................................................. 5

*Gambale v. Deutsche Bank AG,*
    377 F.3d 133 (2d Cir. 2004)............................................................................... 9

*In re Crazy Eddie Litig.,*
    792 F. Supp. 197 (E.D.N.Y. 1992) .................................................................. 15

*In re Iowa Freedom of Info. Council,*
    724 F.2d 658 (8th Cir. 1983) ........................................................................... 12

*In re Parmalat Sec. Litig.,*
    258 F.R.D. 236 (S.D.N.Y. 2009) ................................................................. 8, 14

*Lugosch v. Pyramid Co. of Onondaga,*
    435 F.3d 110 (2d Cir. 2006)...................................................................... *passim*

*Nixon v. Warner Commc'n., Inc.,*
    435 U.S. 589 (1978) .................................................................................... 8, 12

*Sheppard v. Consolidated Ed. Co.,*
    893 F. Supp. 6 (E.D.N.Y. 1995) ..................................................................... 15

*Standard Inv. Chartered v. National Ass'n of Sec. Dealers, Inc.,*
    No. 07 Civ. 2014, 2007 WL 2790387 (S.D.N.Y. Sept. 26, 2007) ................... 5

*United States v. Amodeo,*
    71 F.3d 1044 (2d Cir. 1995)..................................................................... 5, 9, 13

*United States v. Amodeo,*
    44 F.3d 141 (2d Cir. 1995).......................................................................... 5, 11

### STATE CASES

*Epifani v. Johnson,*
    65 A.D.3d 224 (2d Dept. 2009) ........................................................................ 8

### FEDERAL STATUTES

15 U.S.C. § 6802.................................................................................................... 14

### FEDERAL RULES

FED.R.CIV.P. 5(d)(1) ............................................................................................ 11

FED.R.CIV.P. 15 .................................................................................................... 5

FED.R.CIV.P. 16 .................................................................................................... 5

FED.R.CIV.P. 30(b)(1) ........................................................................................ 11

FED.R.CIV.P. 32(a)(4) ........................................................................................ 11

### FEDERAL REGULATIONS

16 C.F.R §§ 313.10-12 ....................................................................................... 14

## PRELIMINARY STATEMENT

The proposed First Amended Complaint that Plaintiff Ambac Assurance Corporation ("Ambac") attached to its Motion for Leave to Amend ("Motion for Leave") is the size of a mid-length novella. The accusations in the Amended Complaint are conspiracy-theory fiction, with a commensurate amount of truth. With no apparent reason to do so other than to tarnish their reputations and drive up the cost of this litigation and its burden on third parties Ambac also seeks to add 10 individuals as defendants in its Amended Complaint against EMC.[1]

The 156-page Amended Complaint, attached as Exhibit 1 to the Declaration of Erik Haas ("Haas Dec."), is larded with conclusory allegations, out-of-context quotations and misleading evidentiary citations set forth in more than 350 footnotes. The Haas Declaration attaches as exhibits to the Motion for Leave dozens of EMC documents and e-mails, as well as confidential deposition excerpts. But those documents are not attached to the proposed Amended Complaint itself. The reasons for Ambac's factually overloaded and highly inflammatory motion papers and proposed Amended Complaint are simple: to distract from the severe untimeliness and futility of this filing by portraying EMC, Bear Stearns & Co. ("Bear Stearns"), JP Morgan Chase & Co. ("JP Morgan Chase") and the 10 Proposed Individual Defendants in the worst possible manner and create the appearance that Ambac has acquired in discovery mountains of evidence to support its claims.

The parade of calumnies in the Amended Complaint is based upon misleading readings of EMC's and Bear Stearns' internal documents and edited excerpts of depositions discussing

---

[1] The individual defendants that Ambac seeks to join are former employees of Bear Stearns, only two of which remain employed by JP Morgan. EMC does not identify them by name in this motion to avoid the very harm that this motion seeks to prevent. Should the Court require further information regarding these individuals and their particular privacy interests implicated by allowing the proposed Amended Complaint to be publicly filed prior to the Court's decision, EMC will submit that information to the Court for in camera review.

their internal operations.   It also makes serious allegations of fraudulent conduct against individual and corporate non-parties.   If Ambac's motion is properly denied, the Amended Complaint will never become a live pleading in this case.   Nor will the Haas Declaration and its confidential Exhibits have any remaining relevance to any issue or pleading in the case.   As such, the Court should seal the proposed Amended Complaint and the Haas Declaration and the specified Exhibits attached thereto until and unless the Court grants leave to file the Amended Complaint.   In addition, the Court should seal the Memorandum of Law in Support of Ambac's Motion for Leave to File and Amended Complaint ("Memorandum of Law") because it relies upon the same confidential information cited in the Haas Declaration or the Amended Complaint that EMC seeks to protect and is rife with defamatory comments that are likely to cause significant harm to the individual and corporate non-parties named in the proposed Amended Complaint.   Because determining the Motion for Leave will not be a lengthy process, keeping the proposed Amended Complaint, Memorandum of Law, the Haas Declaration and certain Exhibits thereto under seal pending the Court's decision will not harm the minimal public interest in viewing documents that are not even part of the Court's record.   Should the Court grant Ambac's motion and order the Amended Complaint filed, the public interest in viewing these documents will be fully satisfied when that is done.

Ultimately, Ambac's motion should be denied and the proposed Amended Complaint not filed for the reasons that will be shown in EMC's forthcoming Opposition to the Motion for Leave.   In the meantime, however, the proposed Amended Complaint, Memorandum of Law and Haas Declaration should be ordered sealed to protect the proprietary and privacy interests of EMC, JP Morgan, and the 10 individuals proposed to be added as defendants.   Furthermore, the

additional specified Exhibits to the Haas Declaration should be ordered to be permanently sealed as they are proprietary and confidential and there is no public interest in viewing them.

## ARGUMENT

## EMC HAS GOOD CAUSE AND A COMPELLING NEED TO SEAL THE EXHIBITS TO THE MOTION FOR LEAVE.

### A.    Standard for Sealing Documents

This Court has the authority to order a document or portions thereof filed under seal where a party can address and overcome the presumption of public filing -- the common-law right of public access to judicial documents or the qualified First Amendment right to attend judicial proceedings. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

#### 1.    *The Second Circuit's Three-Step Process.*

The Second Circuit has a three-step process for evaluating applications to seal litigation documents or otherwise keep them from public view. *First*, the court must determine whether the presumption of public access attaches. A presumption of access attaches to any item that constitutes a "judicial document," which means the item is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. *Second*, for judicial documents, the court determines the weight of the presumption of access, which is "governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts" and "will fall somewhere on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id. Finally*, after the court has determined the weight of the presumption of access, "the court must 'balance competing considerations against it.'" *Id.* at 120. Competing considerations include, but are not limited to,

the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure. *Id.*

> 2. *Any "Judicial Documents" Attached to the Motion for Leave Have Low Presumption of Access.*

As discussed below, the Memorandum of Law, proposed Amended Complaint and Haas Declaration are judicial documents under the *Lugosch* test, but the remaining Exhibits to the Haas Declaration are not. Even if the Court regards all of the Exhibits as judicial documents, however, their presumption of access is low because they all relate to the Motion for Leave, which is not a dispositive motion or other motion addressing the merits of this dispute.

Unlike potentially outcome determinative motions, seeking this Court's leave to file an amended pleading does not implicate the public's First Amendment right to attend public court proceedings. *See Lugosch*, 435 F.3d at 124 (holding that documents submitted to a court in support of or against a summary judgment motion are judicial documents that invoke the public's First Amendment right of access). This procedure does not present a star chamber scenario -- sealing the proposed Amended Complaint, the Memorandum of Law, the Haas Declaration, and the specified exhibits to the Haas Declaration discussed below will not impair the public's interest in access to the facts of this case because the Motion for Leave is a procedural motion that does not directly impact the outcome of this litigation. If the Court denies the Motion for Leave, the proposed Amended Complaint is a nullity.

Moreover, and also unlike a motion for summary judgment or a motion to dismiss, the Motion for Leave does not necessarily require the Court to engage in a detailed substantive evaluation of the merits of the Memorandum of Law, proposed Amended Complaint or the Haas Declaration, which would implicate a more substantial public interest in how the Court has made its evaluations and why it reached its conclusions. *See Lugosch,* 435 F.3d at 124. And, even if

the Court does make judgments regarding the sufficiency of the proposed Amended Complaint, those judgments only implicate a compelling public interest in the event that the Court allows it to be filed.  The Motion for Leave is procedural and requires the Court to decide if Ambac met its Rule 16 or Rule 15 burden to obtain leave of Court, but does not require that the Court engage in meticulous parsing of the allegations of the Amended Complaint or a substantive evaluation of the evidence it contains.  As such, any presumption of access accorded to the proposed Amended Complaint or the Haas Declaration and the Exhibits thereto should be minimal, certainly prior to the time the Court has ruled on the motion.

3.     *The Haas Declaration Exhibits at Issue Are Not "Judicial Documents."*

Simply filing a document with the court does not "render that paper a judicial document subject to the right of access."  *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*").  The presumption for judicial access is "strongest when the document in question . . . has been submitted as a basis for judicial decision making."  *Cedar Swamp Holdings, Inc. v. Zaman*, 476 F. Supp. 2d 303, 304 (S.D.N.Y. 2007).  Non-judicial documents have no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order or, in this instance, preservation of confidential status.  *Standard Inv. Chartered v. National Ass'n of Sec. Dealers, Inc.*, No. 07 Civ. 2014, 2007 WL 2790387, at *3 (S.D.N.Y. Sept. 26, 2007); *see United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*").  Documents that play no role in the performance of Article III functions lie entirely beyond the public access presumption's reach.  *Amodeo II*, 71 F.3d at 1050.

Aside from the Amended Complaint, none of the Exhibits to the Haas Declaration at issue in this Motion is a "judicial document."  The Exhibits that are the subject of this Motion[2] are: (1) deposition testimony that, unlike in a summary judgment setting, does not have to be closely scrutinized on the merits by the Court and (2) documents exchanged in discovery, which are not judicial documents unless they too form the basis of evaluating a substantive motion.  *See Lugosch,* 435 F.3d at 124.  The Exhibits in question, therefore, should not be presumed to be accessible publicly.

### B.     The Inflammatory Proposed Amended Complaint, the Memorandum of Law, the Haas Declaration and Specified Exhibits Thereto Should Be Sealed.

EMC concedes, as it must, that the proposed Amended Complaint, the Memorandum of Law and the Haas Declaration are judicial documents because the Court likely will evaluate them in ruling upon the Motion for Leave.  But, as set forth above, the confidential e-mail and deposition transcript attachments to the Haas Dec. are not.  Without the qualified privilege afforded lawsuit pleadings, the Amended Complaint would be simple defamation of each of the 10 individuals and disparagement of both EMC and JP Morgan.  Ambac has accused each of actions that range from improper to illegal.  Each of these proposed individual defendants has a reputation in the business community that will be negatively impacted by these allegations, which may never be formally filed.  The Amended Complaint, Memorandum of Law, the Haas Declaration and the specified exhibits thereto also include confidential and proprietary information of EMC, Bear Stearns and JP Morgan, the disclosure of which would cause competitive harm to these entities.  Because the Amended Complaint, Memorandum of Law and Haas Declaration are entitled to a low presumption of public access, and the specified exhibits to

---

[2] Exhibits 6-9, 11-19, 21-25 and 28-33.

the Haas Declaration little or no presumption of public access, the Court need only find good cause to seal them until the Court rules on the Motion for Leave.

The paramount reason to seal the Amended Complaint as a whole is that all 10 of the proposed individual defendants are currently employed as senior managers of companies operating directly or indirectly in the securities industry.  As such, most if not all of them are subject to registration requirements for securities industry employees.  These regulations require, among other things, the prompt disclosure of any lawsuit that alleges that the individual has violated any investment-related statute or regulation and names the individual as a party.  *See* Declaration of Eric N. Whitney, Exhibit 1, FINRA Revised Form U4 at 13-14.  Were the proposed Amended Complaint to be publicly filed prior to the Court's ruling on the Motion for Leave, these individuals are likely to be subject to public embarrassment, questioning from their employers, families, and regulators, disclosure requirements, and media attention, all of which would become unnecessary if the amendment is denied, but that in the meanwhile would have inflicted potentially irreparable harm on their reputations, regulatory records, and careers.

The proposed Amended Complaint, the Memorandum of Law and the Haas Declaration that upon and cite its allegations, should each be sealed until and unless the Court grants the Motion for Leave because the claims asserted therein are severe, untrue and disparaging of JP Morgan Chase and the Proposed Individual Defendants, who are non-parties to this action. Specifically, the Amended Complaint and Haas Dec. accuse JP Morgan and the Proposed Individual Defendants of (i) "accounting fraud," (Haas Dec. Ex. 1 at ¶ 26); (ii) implementing a "bad faith" strategy to reject without justification insurers' and investors' demands for the repurchase of breaching loans (Haas Dec. Ex. 1 at ¶ 205); (iii) "arbitrarily" denying demands by investors and insurers to repurchase  loans (Haas Dec. Ex. 1 at ¶ 206); (iv) "manipulating" its

accounting reserves (Haas Dec. Ex. 1 at ¶ 210); (v) "obscene compensation" and "reckless pursuit of fees" (Haas Dec. Ex. 1 at ¶ 63); (vi) "encourag[ing]" the acquisition of defective loans (Haas Dec. Ex. 1 at ¶ 82); and (vii) indulging in the perverse incentives created by an allegedly morally hazardous compensation system (Haas Dec. Ex. 1 at ¶ 85).

Although EMC believes that these allegations are meritless, they are artificially bolstered in the proposed Amended Complaint by misleading and non-contextual evidentiary citations and sheer speculation. Nonetheless, if released to the public before the Court rules on Ambac's motion, these allegations and the Amended Complaint will likely be perceived by the public to have actually been filed against the non-parties, which will needlessly tarnish the business reputations of these persons and entities.

To seal documents or invoke the protections of a confidentiality order, the party seeking to withhold the documents from public view must show harm from publication. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). The allegations in paragraphs 26, 63, 83, 85, 205, 206 and 210 of the Amended Complaint, among others, are false and would be defamatory *per se* but for their inclusion in the proposed Amended Complaint, thus the harm from such statements comes from their publication. *See Epifani v. Johnson,* 65 A.D.3d 224 (2d Dept. 2009) (Defamation *per se* applies where the statements tend to injure another in his trade, business or profession).

The Supreme Court has noted that courts have the power to insure that their records are not "used to gratify private spite or promote public scandal," and have "refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Nixon v. Warner Commc'n., Inc.*, 435 U.S. 589, 598 (1978). Ambac's claims against JP Morgan, EMC, Bear Stearns, and these individual non-parties should not be aired to the public in a draft

Amended Complaint that the Court has not agreed should be filed and, at minimum, those accusations should be sealed. *Amodeo II*, 71 F.3d at 1051.

This Court "simply do[es] not have the power, even were [it] of the mind to use it, [ ] to make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). Such strong privacy interests, which this Court must consider, weigh against and should overcome the minimal presumption of public access to the proposed Amended Complaint and Haas Dec. *See Lugosch*, 435 F.3d at 120 (privacy rights are among interests courts evaluate in determining whether documents should remain confidential).

The allegations described above are simply institutional pique against the Proposed Individual defendants. Filing of the proposed Amended Complaint, Memorandum of Law and Haas Declaration with all of its exhibits without sealing the documents likely will have consequences for the Proposed Individual Defendants, many of whom hold FINRA licenses and whose naming as defendants in a securities lawsuit must be reported. But that bridge has not been crossed. Pending the Court's ruling on the Motion for Leave, allowing these allegations to become public only serves to irreparably harm the reputations of the Proposed Individual Defendants. The presumption of public accessibility for the Amended Complaint, the Memorandum of Law, and the Haas Declaration is low -- the first is not even a live pleading; the latter are merely part of a procedural motion. Until and unless the Court determines that the Amended Complaint should be filed, these documents should not be made public.

### C. The Court Should Seal the Exhibits to the Haas Declaration That Contain EMC's Confidential Information.

The Haas Dec. has 37 exhibits. [3] Exhibit 1 is the proposed Amended Complaint. Of the

---

[3] Where "Exhibit [#]" is stated in this Memorandum, the phrase refers to the numbered exhibit of the Haas Declaration. Exhibits 2 and 4 are excerpted transcripts of hearings on the record relating to discovery issues; Exhibit 3 is a set of discovery requests; Exhibits 5 and 34 are discovery dispute letters; Exhibit 20 is a printout from the

36 other exhibits, 17 are internal EMC documents and two of those (Exhibits 13 and 14) contain private borrower information, one is a third-party document, and seven are short excerpts of transcripts from depositions that have been designated as confidential under the Protective Order. Each should be sealed. And unlike the sealing of the Amended Complaint in whole or part, which can be lifted should the Court grant the Motion for Leave, the specified Haas Declaration Exhibits should remain sealed pending trial because the public does not have an interest in documents and testimony exchanged during discovery.

The Protective Order the Court entered on December 19, 2008, which was drafted by the Parties after negotiation, contains specific provisions detailing how confidential information must be handled.  The parties listed three categories of confidential material: (1) documents; (2) deposition testimony; and (3) discovery responses.  Docket No. 5 at § 2(a)-(c).  The Order does not allow either the Parties or the public to apply for relief from the requirements of the Order, therefore the Parties' reliance on the confidentiality of pre-trial proceedings is justifiable.  *Contra Lugosch*, 435 F.3d at 126 (stating that because either party or the public could seek to lift "Confidential" designation from the documents in that case, "it is difficult to see how the defendants can reasonably argue that they produced documents in reliance on the fact that the documents would always be kept secret").[4]  Because the documents are not judicial documents and have no presumption of public access, EMC must only show good cause to seal them.  As

magazine The Atlantic's website; Exhibits 35-37 relate to the Segregated Account proceedings in Wisconsin.  None of these documents raise privilege, trade secret or other privacy or confidentiality concerns and therefore they are not the subjects of this Motion.  Exhibit 27 does raise confidentiality concerns and should be private under SEC rules, but it is currently available publicly for unknown reasons.  EMC also concedes that Exhibits 10 and 26 to the Haas Declaration are not confidential.

[4] The Court specifically reserved "discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court."  Docket No. 5 at p. 8.  The Court did not reserve this discretion as to deposition excerpts from a deposition designated confidential and which a party attached to a motion.  The parties' designation of deposition testimony as confidential should receive some deference.

demonstrated below, such good cause exists.

EMC will now address the various categories of documents in turn.

1.    *The Deposition Excerpts Should Be Sealed.*

The deposition excerpts that Ambac attached as Exhibits 6 and 28-33 of its Motion for Leave should be sealed.  Deposition notices are only served upon the parties and any third party deponent; they are not publicly posted and open to public attendance like trial proceedings.  *See* Fed. R. Civ. P. 30(b)(1).  Deposition transcripts are not filed as part of the Court's record.  *See* Fed. R. Civ. P. 5(d)(1).  And the Federal Rules of Civil Procedure limit the use of depositions at trial.  *See* Fed. R. Civ. P. 32(a)(4).  Transcripts of deposition testimony are therefore presumptively non-public because they are not *per se* judicial documents.

Ambac's use of seven deposition excerpts in support of its Motion for Leave does not render them judicial documents.  *Amodeo I*, 44 F.3d at 145.  The contents of the deposition excerpts are not necessary for the Court to rule upon the Motion for Leave for two reasons: *first*, the facts that Ambac claims it has unearthed within the truncated excerpts are susceptible to more than one interpretation; and *second* the primary argument by Ambac in its Motion for Leave is that it could not have amended its Complaint to add additional claims due to the timing of its receipt of discovery from EMC, which followed the amended pleading deadline.   But the current motion for leave does not require the Court to make conclusions regarding the merits of these allegations.

Each of the seven deposition excerpts consist of Ambac examining a witness who worked for EMC or Bear Stearns regarding the companies' internal business policies or business practices with respect to the constituent loans that comprise the securities at issue.  This is quintessential trade secret or confidential business information.  The Supreme Court has recognized that trade secrets and confidential business information, the exposure of which

"might harm a litigant's competitive standing," are potentially sufficient to overcome the common law presumption of access to judicial records.  *Nixon*, 435 U.S. at 598.  That is true even if the information is not actively in use. *See In re Iowa Freedom of Info. Council*, 724 F.2d 658, 664 (8th Cir. 1983) (holding that documents related to business process of product development could be withheld from public disclosure, even though proposed products had never been produced and marketed).

EMC's business practices and procedures discussed in the deposition excerpts are trade secrets, the revelation of which would provide information for EMC's competitors to use against EMC.  *See* Declaration of Mary Haggerty ("Haggerty Dec."), at ¶ 7.  As shown below, the deposition transcripts contain the types of business information that should remain confidential:[5]

- Exhibit 6, excerpted from  Joanna Megha's Rule 30(b)(6) deposition as an EMC representative, relates to EMC's process and standards for evaluating breaches of representations and warranties.

- Exhibit 28, excerpted from Cheryl Glory's deposition, and Exhibit 29, excerpted from the Stephen Golden deposition, relate to EMC's practices with regard to making, resolving, and settling claims against loan sellers, as well as its internal legal advice on those issues,

- Exhibit 30, excerpted from Mary Haggerty's Rule 30(b)(6) deposition relates to EMC's business objectives in mortgage loan purchasing, due diligence practices, and  use of settlement funds.

- Exhibit 31, excerpted from the deposition of John Mongelluzzo, discloses procedures used in EMC's due diligence and Exhibit 32, excerpted from the deposition of Fernando Serrano, discusses certain of EMC's quality control practices.

- Exhibit 33, excerpted from the Baron Silverstein deposition, discusses loss analyses by EMC, due diligence strategies, and its choice of business partners.

The Second Circuit has reasoned that "a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations

---

[5]  EMC discusses these excerpts and the confidential documents in general terms so as not to defeat the purpose of the instant motion by disclosing here what is sought to be protected.  Should the Court require more detailed discussion of any aspects of these excerpts or documents, EMC will submit it for in camera review.  EMC also notes that the Court has copies of the subject documents in the unfiled copy served on the Court by Ambac.

contained therein." *Amodeo II*, 71 F.3d at 1051.  The opportunity to respond to such accusations in the deposition excerpts will come at trial.  The deposition transcripts attached to the Haas Declaration as Exhibits 6, 28, 29, 30, 31, 32, and 33 all contain trade secret information and confidential information of EMC and they should be sealed.

2.    *The EMC Internal Documents Should Be Sealed.*

a.    The documents contain trade secret information.

The Motion for Leave also attaches various internal EMC documents as exhibits.  All of these documents should be ordered sealed.  The documents attached to the Haas Declaration as Exhibits 7-9, 11-19 and 21-25 all come from EMC's files and Ambac obtained them in discovery.  They play no role in the performance of this Court's Article III functions, and therefore are not entitled to any presumption of public access.  *Amodeo II*, 71 F.3d at 1050 ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach, and stand on a different footing than a motion filed by a party seeking action by the court, or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions").  These documents have no presumption of public accessibility because they are all private communications and the discovery process is not open for public view.

Exhibits 7, 8, 11, 12, 17, 18, and 21-25 are all internal business emails of EMC.  Each discusses internal information of the company, its business processes and evaluations of its business practices and relationships.  *See* Haggerty Dec. at ¶ 8.  For example, Exhibit 23 is an internal discussion regarding deal structuring; Exhibit 22 is another deal structuring email discussion.  Exhibits 7, 8, 11, 12 and 21 pertain to due diligence procedures and the use of outside vendors for due diligence.  Exhibits 17 and 18 are internal discussions regarding seller performance.  Exhibits 24 and 25 relate to repurchase procedures and policies.  Each of these

13

emails relates to a confidential business practice and/or internal business discussions of EMC, Bear Stearns or JP Morgan.[6]  *See* Haggerty Dec. at ¶ 8.  They should be sealed for the same reasons that the deposition excerpts above are subject to seal.

Exhibit 9 is a glossary used for "Repurchase: Current Processes -- Buy Outs and Put Backs."  It describes specific policies and procedures of EMC.  *See* Haggerty Dec. at ¶ 8.  This is an internal business document of EMC and a trade secret that should be sealed.  *See In re Parmalat Sec. Litig.*, 258 F.R.D. at 249 (refusing to seal documents in "operations and policy information" category because they did not "discuss[ ] any particular policies or procedures").

Exhibits 13 and 14 are letters from EMC to mortgage sellers who defaulted on their agreements with EMC.  These dealings are confidential by agreement between EMC and the mortgage sellers and were provided to Plaintiff under the Protective Order in this lawsuit.  They reflect EMC decisions regarding the enforcement of its contracts and conduct of its business relations and therefore contain confidential information.  *See* Haggerty Dec. at ¶ 9.  They also disclose personally identifiable borrower information, with account numbers, for which federal law requires EMC to maintain confidentiality.  *See* 15 U.S.C. § 6802; 16 C.F.R §§ 313.10-12. Exhibits 13 and 14 should therefore be sealed.

> b.  Exhibits 15, 16 and 19 are privileged internal investigations performed by or at the instance of EMC and/or Bear Stearns.

Exhibits 15, 16 and 19 to the Haas Declaration are internal business investigations and audits of EMC.  *See* Haggerty Dec. at ¶ 8.  Exhibits 15 and 16 are internal audit reports regarding the processes and procedures EMC employed in submitting claims to sellers for reimbursement. Each contained specific action plans and suggestions for improving business operations and

---

[6]  In reviewing some of the documents attached to the Haas Dec., EMC has discovered that certain runs of its e-mail and document production that were intended to be stamped "Confidential" were not.  It has notified Ambac of that error and is correcting the affected documents.

discussed existing issues within EMC.   Exhibit 19 is PricewaterhouseCoopers' ("PWC") extensive UPB Break Repurchase Report from August 31, 2006, which contains descriptions of EMC's then-existing operations and PWC's recommendations for EMC to improve upon its quality control and repurchase processes.  *See* Haggerty Dec. at ¶ 8.  The Report, attached in full to the Motion for Leave, contains detailed descriptions of both EMC's existing processes and PWC's suggested improvements.  *See* Exhibit 19 at its 7-14 (current process), 14-21 (proposals), 32-46 (diagrams of current process), 66-72 (diagrams of proposed processes).  The information in the report is confidential and should be sealed.

The federal common law self-critical analysis privilege, also known as the "self-evaluative" or the "self-evaluation" privilege, protects internal investigations from discovery and promotes candid self-evaluation based on the theory that forced disclosure of internal investigations will deter socially useful activity.  *Sheppard v. Consolidated Edison Co.*, 893 F. Supp. 6, 7 (E.D.N.Y. 1995).  In the Second Circuit, courts have recognized the privilege to apply to internal investigatory reports.  *See e.g., In re Crazy Eddie Litig.*, 792 F. Supp. 197, 205 (E.D.N.Y. 1992).

EMC has not claimed that these documents are exempt from discovery *by Ambac* because of the self-critical analysis privilege.   But the public has no interest in reviewing such documents.  Instead, the public's own interest in encouraging companies to engage in detailed internal audits and evaluations of their operations, which is the basis for recognizing the privilege at all, means that the public interest lies with *sealing* Exhibits 15, 16 and 19 from public view.  The Court should therefore order Exhibits 15, 16 and 19 sealed.

## CONCLUSION

Ambac's First Amended Complaint, Memorandum of Law and the Haas Declaration should all be sealed until and unless the Court grants the Motion for Leave.  The public has no

interest in the scurrilous accusations Ambac has made against the Proposed Individual Defendants and JP Morgan, all of which will be nullified if the Court, as it should, denies the Motion for Leave.  Nor is there any public interest in reviewing proposed allegations against EMC, Bear Stearns and JP Morgan Chase that, if the Court denies the Motion for Leave, never will become part of a live pleading.  In the event that the Court ultimately allows Ambac to file its Amended Complaint, the only harm done to the public interest will be to have delayed by a few weeks the disclosure of its allegations.

The publication of EMC's internal memoranda, emails and documents and the publication of confidential deposition testimony is similarly unwarranted.  These items, which are all Exhibits to the Haas Declaration, are not part of the Amended Complaint and are used for a procedural purpose in this case -- to support the Motion for Leave.  The great privacy interests of EMC, Bear, and the deponents in maintaining the confidentiality of these documents is good cause to seal them.  For these reasons, and the reasons discussed above, the Court should GRANT the Motion to Seal, and seal the proposed Amended Complaint, Ambac's Memorandum

of Law, the Haas Declaration, and the specified exhibits attached thereto as described in this

Memorandum.

Dated:  New York, New York              Respectfully Submitted,
          August 5, 2010

                                             /s/ Eric N. Whitney
                                   Richard A. Edlin
                                   Eric N. Whitney
                                   Anastasia A. Angelova
                                   **GREENBERG TRAURIG, LLP**
                                   MetLife Building
                                   200 Park Avenue
                                   New York, New York 10166
                                   Telephone: (212) 801-9280
                                   Facsimile:  (212) 801-6400
                                   EdlinR@gtlaw.com
                                   WhitneyE@gtlaw.com
                                   AngelovaA@gtlaw.com

                                   *Attorneys for Defendant*
                                   *EMC Mortgage Corporation*