

Daniel J. Buzzetta
Tel. 212 801-9217
Fax 212 805-5542
buzzettad@gtlaw.com



# MEMO ENDORSED

December 23, 2010

**BY HAND DELIVERY**

The Honorable Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17D
New York, New York 10007-1312



Re: *Ambac Assurance Corporation v. EMC Mortgage Corporation,*
Index No. 08 Civ. 9464 (RMB) (THK)

Dear Judge Katz:

We represent Defendant EMC Mortgage Corporation ("EMC").

We write with respect to Your Honor's Report and Recommendation, dated December 16, 2010 (the "Report"), granting in part and denying in part Plaintiff's motion for leave to amend the Complaint. EMC wishes to file before Your Honor a motion for reconsideration of a part of the Report and respectfully seeks permission to extend the time to file such a motion from December 30, 2010 to and including January 12, 2011. I spoke today with Plaintiff's counsel Eric Haas, Esq. to seek his consent to the filing of this application and I also emailed him a draft of this letter. Mr. Haas indicated that he would not be able to respond to our request until Monday because several of his colleagues whom he needs to consult with are travelling and unavailable. Nonetheless, in light of the upcoming holidays, and the short time period from which relief is requested as described below, we believe it prudent to submit this letter today. As we also note below, we submit that this extension request will not prejudice the Plaintiff.[1]

The motion for reconsideration will be limited to that part of the Report which granted Plaintiff's leave to add Bear, Stearns & Co. Inc. ("Bear Stearns") as a defendant. If Bear Stearns were named as a defendant the result would be a failure of complete diversity because

---

[1] For the sake of completeness, we further note that Mr. Hass advised that it was his preliminary view, subject to discussion with his colleagues, that he would not consent to the extension request. Mr. Haas stated that to the extent Judge Berman overrules that part of the Report concerning Plaintiff's right of subrogation, it would moot the issue of failure of diversity caused by Bear Stearns' joinder which is the basis for the reconsideration motion. *See infra.* Therefore, Mr. Haas stated that a motion for reconsideration may be premature.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

The Honorable Theodore H. Katz
United States Magistrate Judge
December 23, 2010
Page 2

---

Plaintiff is headquartered in New York as was Bear Stearns. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192, ___ U.S. ___ (2010) (corporation is a citizen of the state in which it maintains its "nerve center" which is normally the place it is headquartered). The absence of complete diversity would divest this Court of subject-matter jurisdiction and would require that this action, which has been pending in this Court for more than two years, be dismissed and refiled in state court.

EMC wishes to address this issue and its broad implications, which were not briefed by the parties in the motion for leave to amend the Complaint, in a motion for reconsideration. While such a motion may be made pursuant to Fed. R. Civ. P. 60(b), which requires filing "within a reasonable time", or pursuant to Fed. R. Civ. P. 59(e), requiring filing "no later than 28 days after the entry of judgment", EMC wishes to proceed prudently in light of Local Rule 6.3. As the Court is aware, that Rule provides that a motion for reconsideration shall be served within fourteen (14) days after entry of the Court's determination of the original motion, which in this case would be December 30, 2010. In light of the upcoming holidays, and to allow sufficient time for preparation of the motion, EMC respectfully requests that this date be extended to and including January 12, 2011. Neither party has previously requested the extension sought herein.

For the sake of good order, we note that on December 22, 2010 the parties' joint request for an extension of time to file objections to the Report was granted by Judge Berman. (Dkt. 102). Instead of being filed on December 30, 2010, the objections are now due January 14, 2010. Therefore, the extension requested here would require that the motion for reconsideration be filed two days before the objections. In light of this, we submit that Plaintiff will not be prejudiced by this extension. We note further that courts in the Southern District have held that "during the pendency of a motion for reconsideration before a magistrate judge, the time for filing an objection to the District Court is tolled." *Norex Petroleum Ltd. v. Access Indus., Inc.*, No. 02 Civ. 1499, 2003 WL 21872389 (S.D.N.Y. Aug. 7, 2003). Nevertheless, because the motion for reconsideration will address only one part of the Report, albeit a part which would divest this Court of jurisdiction over this case, and because it is not EMC's intent to delay this case, EMC is prepared to maintain the current schedule such that objections to the Report are due on January 14, 2011. However, EMC respectfully seeks the Court's guidance as to whether objections should be filed on January 14, 2011, or whether they are tolled pending a decision on the motion for reconsideration.

We thank the Court in advance for its consideration of this request.

Respectfully submitted,

Daniel A. Buzzetta
On Behalf of EMC Mortgage Corporation

GREENBERG TRAURIG, LLP

The Honorable Theodore H. Katz
United States Magistrate Judge
December 23, 2010
Page 3

---

DJB/ng

Cc: Hon. Richard M. Berman (*via hand delivery*)
Philip R. Forlenza, Esq. (*via electronic mail*)
Erik Haas, Esq. (*via electronic mail*)
Karla G. Sanchez, Esq. (*via electronic mail*)
   *Counsel for Ambac Assurance Corporation*
Richard A. Edlin, Esq.
Eric N. Whitney, Esq.
Anastasia A. Angelova, Esq.

The date for filing objections to the Report and Recommendation remains January 14, 2011. Frankly, the Court wonders how EMC could justify a motion for reconsideration when, as it concedes, the Court did not overlook the fact of Bear Stearns's citizenship, nor that fact was not argued by either party; nor could it be a "newly discovered" fact. Nevertheless, we cannot prohibit you from filing a motion. If there is such a motion, it must be filed by January 5, 2011.

**SO ORDERED**

12/28/10   _____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

GREENBERG TRAURIG, LLP