UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AMBAC ASSURANCE CORPORATION,           : Index No. 08 Civ. 9464 (RMB) (THK)
:
Plaintiff,       :
:
-against-                             :
:
EMC MORTGAGE CORPORATION,              :
:
Defendant.       :
:
------------------------------------------------------------X

# DEFENDANT EMC MORTGAGE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**GREENBERG TRAURIG, LLP**
Richard A. Edlin
Eric N. Whitney
Anastasia A. Angelova
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9280
Facsimile: (212) 801-6400

**KELLEY DRYE & WARREN LLP**
John M. Callagy
William A. Escobar
Nicholas J. Panarella
Alison L. MacGregor
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendant*
*EMC Mortgage Corporation*

EMC Mortgage Corporation ("EMC") respectfully submits this memorandum in support of its Motion for Reconsideration of the Court's December 16, 2010 Report and Recommendation (the "Report") to the limited extent the Report grants Ambac Assurance Company's ("Ambac" or "Plaintiff") leave to amend its Complaint to assert a fraudulent inducement claim against Bear, Stearns & Co. Inc. ("Bear Stearns").[1] Reconsideration is appropriate because, in connection with the underlying motion, neither Party addressed, and the Court's Order did not consider, the implication of an order granting Plaintiff leave to bring only state law claims against Bear Stearns—namely, that such a complaint would divest this Court of jurisdiction over this action, which is founded upon diversity.[2]

A motion for reconsideration is appropriate where the Court has "overlooked or misunderstood" a point of fact or law. *See* S.D.N.Y. R. 6.3; *Quevedo v. Postmaster, U.S. Postal Serv.*, 774 F. Supp. 837, 839 (S.D.N.Y. 1991) (citations omitted); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citations omitted) (holding district court's denial of plaintiff's Rule 60(b)(6) motion to vacate judgment dismissing complaint for lack of subject matter jurisdiction was an abuse of discretion and remanding for consideration of plaintiff's Rule 15 and Rule 21 motions to amend to allege diversity jurisdiction); *Kenny v. Ryan Web Solution L.L.C.*, 05 Civ. 0727, 2005 WL 1719878, at *1 (S.D.N.Y. July 22, 2005) (citation omitted) (granting

---

[1] In accordance with the Court's order, EMC will file any objection to the Report on January 14, 2011. This memorandum is therefore limited to the issue of reconsideration discussed at the January 5, 2011 conference.

[2] Plaintiff is headquartered in New York as was Bear Stearns, thus, both are citizens of New York for diversity of citizenship purposes. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, ___ U.S. ___ (2010) (corporation is a citizen of the state in which it maintains its "nerve center" which is normally the place it is headquartered).

plaintiff's motion for reconsideration under rule 59(e) of dismissal of complaint for lack of subject matter jurisdiction).[3]

A complaint should not be amended to add a party who destroys jurisdiction. While Federal Rule of Civil Procedure 15 encourages that leave to amend be granted where justice requires, justice does not require—indeed, it must prohibit or at least discourage—an amendment to add a non-indispensible party whose sole effect would be to destroy the Court's jurisdiction and require dismissal of the action. Permitting such an amendment is tantamount to a Court order dismissing the action, which in this case would throw out two years of litigation. As Ambac is barred from voluntarily dismissing the complaint and then trying to restart this case in state court, it should not be permitted to evade the requirements for Court authorized dismissal by pursuing a futile amendment whose sole effect would be to destroy this Court's jurisdiction. This is not the "justice" that Rule 15 contemplates.

In addition to Rule 15, Federal Rule of Civil Procedure 21 empowers the Court to drop any party "to an action [that] presents problems of judicial administration over which the court, rather than the parties and their counsel, should maintain control at every stage of the action." *Momentum Luggage & Leisure Bags v. Jansport, Inc.,* No. 00 Civ. 7909, 2001 WL 58000, at * 2 (S.D.N.Y. Jan. 23, 2001*); see* Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party"). "[I]n adding or eliminating parties [under Rule 21], courts must consider judicial economy . . ., as well as how the amendment would affect the

---

[3] EMC is mindful of the Court's decisions in *Butler v. C.O. Gonzalez & Co.*, No. 09 Civ. 1916, 2010 WL 2891165, at **3-5 (S.D.N.Y. July 15, 2010), and *Cohen v. Federal Express Corp.*, No. 06 Civ. 00482, 2007 WL 1573918, at **3-4 (S.D.N.Y. May 24, 2007), rejecting motions to reconsider on the basis of arguments and evidence not previously presented to the Court. EMC however, respectfully submits that *Butler* and *Cohen* are inapposite. This is not a case where the parties overlooked arguments in support of their positions. No arguments were presented on this issue at all because neither party advocated for the ruling that was entered.

use of judicial resources, the impact the amendment would have on the judicial system, and the impact the amendment would have on each of the parties already named in the action." *Momentum Luggage*, 2001 WL 58000, at * 2 (denying motion to amend complaint to join additional defendants where joinder would result in delay of discovery and trial of action).

Here, Ambac should not be given leave to add Bear Stearns as a defendant because doing so would destroy this Court's jurisdiction. Because the Court's Order did not address, and appears to have overlooked, the jurisdiction-destroying effect of permitting an amendment to add Bear Stearns, reconsideration is proper and the Report should be revised.

It makes absolutely no sense to permit Plaintiff a discretionary amendment where the sole effect will be to deprive the Court of subject matter jurisdiction and require dismissal of the action. The discretion afforded by, and principles underlying, both Rules 15 and 21 do not authorize or warrant it. Considerations of judicial economy, the limits of judicial resources, and the prejudice to EMC resulting from dismissal of a two year litigation action weigh against permitting Ambac to join Bear Stearns as an additional defendant and effectively send this heavily litigated action off to state court, where the parties will have to start anew before a new court unfamiliar with the extensive litigation that has occurred here. Plaintiff chose this forum. Abandoning the current litigation to proceed before a tribunal unfamiliar with the facts involved in this complex action will not only result in prejudice to EMC, who will "be forced to incur significant expenses to relitigate threshold issues," *In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 26 (E.D.N.Y. 2004), but will also clearly be a waste of the substantial judicial resources already expended by this Court in the last two years. Such a result squanders the benefits to the parties of a Court that is intimately familiar with the issues involved in this action, having presided over numerous discovery disputes and conferences, and having issued more than

3

thirty five orders or decisions. The addition of Bear Stearns not only means new motion practice, it means that in many respects discovery is started anew. Permitting Ambac to amend its Complaint to join Bear Stearns as an additional defendant "would be an unfair burden on the judicial system" due to the resulting loss of federal diversity jurisdiction and "new state action burdening a state court with serious issues of law and fact." *Id.* at 26 (denying plaintiff's motion to amend complaint to add additional defendant where joinder "would arguably defeat federal jurisdiction").

With regard to the suggestion at the January 5, 2010 hearing that this motion for reconsideration is premature, it is not. Ambac admits that, without reconsideration and refinement of the Report, the permitted amended complaint would be jurisdictionally infirm. It was entirely appropriate for EMC to raise this jurisdictional issue in advance of any objections to the Report. The fact that the addition of Bear Stearns would destroy jurisdiction is clearly relevant to the Court's consideration of the factors involved in determining whether such an amendment should be allowed under Rules 15 and 21. This motion timely allows this Court the opportunity to reconsider issues that may have been overlooked and, in any event, ensures that these matters are fully preserved for consideration when the Report is reviewed.

Given the gravity of dismissing this action, the resulting prejudice to EMC, and the obvious waste of judicial resources, EMC respectfully requests that the Court reconsider its decision and deny joinder of Bear Stearns. This would preserve the Court's jurisdiction without affecting its other decisions on the motion to amend.

## CONCLUSION

For all the foregoing reasons, EMC's Motion for reconsideration should be granted in its entirety.

Dated: New York, New York
       January 5, 2011

Respectfully Submitted,

**GREENBERG TRAURIG, LLP**

By:

    /s/ Richard A. Edlin
      Richard A. Edlin
      Eric N. Whitney
      Anastasia A. Angelova

MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9280
Facsimile:  (212) 801-6400
EdlinR@gtlaw.com
WhitneyE@gtlaw.com
AngelovaA@gtlaw.com

**KELLEY DRYE & WARREN LLP**
John M. Callagy
William A. Escobar
Nicholas J. Panarella
Alison L. MacGregor
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
jcallagy@kelleydrye.com
wescobar@kelleydrye.com
npanarella@kelleydrye.com
amacgregor@kelleydrye.com

*Attorneys for Defendant*
*EMC Mortgage Corporation*

5

## CERTIFICATE OF SERVICE

I, Lauren B. Grassotti, counsel for Defendant EMC Mortgage Corporation, certify that on the 5th day of January, 2011, I caused to be served the accompanying Notice of Motion and Defendant EMC Mortgage Corporation's Memorandum of Law in Support of Motion to Amend Report and Recommendation of Magistrate Judge upon counsel for Plaintiff, pursuant to agreement by the parties, by electronic mail to the following addresses:

> Philip R. Forlenza (prforlenza@pbwt.com)
> Erik Haas (ehaas@pbwt.com)
> Nico Commandeur (ncommandeur@pbwt.com)
> Niraj J. Parekh (njparekh@pbwt.com)
> Sarah Levin Goodstine (sgoodstine@pbwt.com)
> PATTERSON BELKNAP WEBB & TYLER LLP
> 1133 Avenue of the Americas
> New York, NY 10036-6710
> Tel.: (212) 336-2000
> Fax: (212) 336-2222

_____
Lauren B. Grassotti