UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMBAC ASSURANCE CORPORATION,

                *Plaintiff*,

    v.

EMC MORTGAGE CORPORATION,

                *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Index No. 08 Civ. 9464 (RMB) (THK)


## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EMC MORTGAGE CORPORATION'S MOTION FOR RECONSIDERATION OF THE REPORT AND <u>RECOMMENDATION OF MAGISTRATE JUDGE</u>


Philip R. Forlenza
Erik Haas
Nicolas Commandeur
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
Telephone:  (212) 336-2000
Fax:  (212) 336-2222
prforlenza@pbwt.com
ehaas@pbwt.com
ncommandeur@pbwt.com

*Attorneys for Plaintiff Ambac Assurance Corp.*

Through its motion, Defendant EMC Mortgage Corporation ("EMC") asks this Court to reconsider its Report and Recommendation on Plaintiff Ambac Assurance Corporation's ("Ambac's) motion to amend the complaint, arguing that notwithstanding months of briefing and extended argument, it failed to appreciate that the addition of new parties as defendants could destroy diversity jurisdiction.  Motions for reconsideration, however, are intended for matters the Court, not the parties, overlooked.  Moreover, the possibility that this case may be sent to state court, depending on how Judge Berman resolves certain issues, does not establish the level of unfair prejudice or burden sufficient to affect the decision on the motion to amend.  Indeed, disallowing this important claim solely to preserve federal jurisdiction would cause far greater prejudice – certainly to Ambac but also to defendants and the judicial system – by forcing Ambac to prosecute that claim against that party in a separate, parallel proceeding in state court.  EMC's motion should be denied.

**I.   EMC'S FAILURE TO TIMELY RAISE ARGUMENTS DOES NOT JUSTIFY RECONSIDERATION.**

Motions for reconsideration in this District are discouraged, and the "standard for granting such a motion is strict." *Butler v. C.O. Gonazlez and Co.*, No. 09 Civ. 1916(PAC)(THK), 2010 WL 2891165, at *3 (S.D.N.Y. July 15, 2010) (Katz, M.J.) (quoting *Schrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  They are discouraged precisely so that the Court is not forced to waste resources reanalyzing issues that could have been raised by the parties before, but were not.  *See Cohen v. Fed. Express Corp.*, No. 06 Civ. 00482 RJH/THK, 2007 WL 1573918, at *3 (S.D.N.Y. May 24, 2007) (Katz, M.J.) ("reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources") (internal quotations omitted).  Thus, as this Court has previously recognized, "the ***sole function*** of a proper motion for reconsideration is to call to the Court's

attention dispositive facts or controlling authority *that were plainly presented in the prior proceedings* but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake. *Motions for reconsideration allow the district court to correct its own mistakes, not those of the Parties*." Levin v. Gallery 63 Antiques Corp., No. 04 Civ. 1504(KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) (emphasis added).

Here, EMC asserts that the potential loss of diversity jurisdiction through the addition of Bear Stearns & Co., Inc., n/k/a J.P. Morgan Securities Inc. ("JP Morgan") as a defendant in the newly asserted fraud claim, affects the prejudice analysis on the motion to amend, and should have been considered by the Court. But EMC never raised this issue on the original briefing of the motion to amend and therefore cannot seek reconsideration on this basis.[1] EMC contends that this issue was not previously raised because the particular result in the Report & Recommendation – granting in part and denying in part the motion to amend – was not advocated by either party. (Br. at 2, n.3.) But that does not mean that the result could not be anticipated. The motion to amend focused on the addition of claims and defendants. Given that this case has previously been based on diversity jurisdiction, it should have been apparent to the parties (and was certainly apparent to Ambac) that the additional claims and parties could have consequences to this Court's subject-matter jurisdiction. Ambac did not raise the issue of the potential loss of diversity jurisdiction in briefing the motion to amend because, as discussed below, it has no impact on the relevant prejudice analysis. It is unclear why EMC neglected to

---

[1] At the January 5 conference, EMC's counsel asserted that it planned to file this motion, notwithstanding the Court's skepticism expressed in the December 28 endorsement, because "our research indicates to us that if we don't raise the joinder issue before your Honor under a Rule 21 analysis, we may well waive that before we go to Judge Berman." (Tr. of 1/5/11 Conf. at 44.) EMC's brief similarly notes that its motion "ensures that these matters are fully preserved for consideration when the Report is reviewed." (Br. at 4.) To the extent EMC is filing this motion simply as a half-hearted effort to preserve this argument for its objections to Judge Berman, it is ineffectual. A party cannot resurrect waived arguments simply by moving for reconsideration.

2

raise this issue earlier. Regardless, to the extent EMC contends that it is relevant to the analysis of the motion to amend, it was incumbent upon EMC to raise it then, and EMC cannot do so now. *See Butler*, 2010 WL 2891165, at *4 (denying defendants' motion for reconsideration because "it appears that it is Defendants [and not the Court] who overlooked important evidence, and the Court therefore will not consider Dr. Madore's declaration"); *Frierson-Harris v. Hough*, No. 05 Civ. 3077(DLC), 2007 WL 1343843, at *1 (S.D.N.Y. May 8, 2007) ("A motion for reconsideration may not treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.") (internal quotations omitted).

## II. AMBAC IS ENTITLED TO ASSERT VALID, NEW CLAIMS, EVEN IF IT MEANS A LOSS OF DIVERSITY JURISDICTION.

Even if EMC's new arguments can be properly raised now, they do not affect the Court's analysis on the motion to amend. EMC is wrong that a court cannot allow a complaint to "be amended to add a party who destroys jurisdiction." (Br. at 2.) As an initial matter, that is not what Ambac sought to do here. Ambac's amendment, as sought, would not have destroyed subject matter jurisdiction because it included the proposed Securities Exchange Act claim.[2]

Moreover, there is no such rule as announced by EMC that requires denial of a motion to amend if granting it would destroy diversity. The Fed.R.Civ.P. 21 case law relied upon by EMC recognizes that destruction of subject-matter jurisdiction is only one factor in the analysis. *See, e.g., In re "Agent Orange" Product Liability Litig.*, 220 F.R.D. 22, 26 (E.D.N.Y. 2004) (cited in EMC's Brief at 3) (refusing amendment based not only on potential delay from re-filing in state court, but also because it would moot "[t]he extensive briefs and supporting

---

[2] Ambac plans to object to the Report & Recommendation to the extent it did not allow Ambac's proposed Section 10(b) claim. If Judge Berman permits that claim, this Court will retain subject-matter jurisdiction and EMC's arguments in this motion for reconsideration will be mooted.

3

evidence now before the court in the pending motion to dismiss"). It is not abhorrent to the federal system to determine the merits of a motion to amend and then, if necessary, dismiss the case for lack of jurisdiction.

To hold otherwise would unfairly penalize parties that develop meritorious additional claims in the middle of a federal litigation – as this Court found to be the case here. The alternative would require Ambac either (i) to forego a billion-dollar claim against JP Morgan that this Court has determined Ambac is entitled to assert or (ii) to litigate that claim separately in a parallel, and duplicative, state-court lawsuit. Such a "gotcha" rule does not serve the interests of justice and finds no support in the law.[3]

### III. THE POTENTIAL LOSS OF DIVERSITY JURISDICTION DOES NOT ALTER THE PREJUDICE ANALYSIS FOR PURPOSES OF THE MOTION TO AMEND.

EMC's position that amendment should be denied based on the potential that this case will need to be litigated in state court in the absence of diversity jurisdiction both exaggerates the difficulties of proceeding in state court and ignores completely the prejudice to Ambac of denying the amendment.

Contrary to EMC's doomsday rhetoric, the parties would not be "abandoning" (Br. at 3) or "throwing out" (Br. at 2) the work that has already been done should this case be litigated in state court. Rather, state courts have discretion to adopt and rely upon prior federal court proceedings to ensure minimal duplication of efforts. *See, e.g., Noghrey v. Town of*

---

[3] It is notable that in the case principally relied upon by EMC, *In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 26 (E.D.N.Y. 2004), the court emphasized that the plaintiff would suffer no prejudice from denial of the amendment because the plaintiff would not be denied "necessary or desirable defendants" given that the defendants already in the case were "multi-billion dollar corporations capable of satisfying a judgment" and many of the defendants sought to be added were already parties to a companion litigation. That is not the case here. EMC's parent, JP Morgan Chase & Co., has recently taken steps to sell off EMC's remaining assets (relating to its mortgage servicing business). JP Morgan Chase's apparent plan to render EMC judgment-proof reveals its powerful motivation for limiting Ambac's claims in this case to EMC alone. It also highlights the prejudice Ambac would suffer if it were precluded from pursuing its claims against JP Morgan.

4

*Brookhaven*, 21 A.D.3d 1016, 1019, 801 N.Y.S.2d 620, 623 (2d Dep't 2005) (noting that state court properly relied upon prior rulings from Bankruptcy Court following remand of proceedings).  Assuming the parties agree to adopt the prior proceedings from this Court in any subsequent state proceeding – and Ambac certainly commits to do so – it is far-fetched to presume that the state court will require the parties to re-do anything of significance.  Of course, to the extent EMC would demand that the state court reconsider issues already resolved by this Court, and the state court would agree, that would multiply efforts.  But the duplication of effort in that case would result from EMC's own choice, presumably because it believes it will gain some tactical advantage from taking a second bite at the apple.

    EMC's argument that the addition of JP Morgan as a defendant will result in "new motion practice [and] means that in many respects discovery is started anew" (Br. at 4) is a red herring.  As an initial matter, EMC fails to allege with any specificity how it will be prejudiced.  *See Randolf-Rand Corp. v. Tidy Handbags, Inc.*, No. 96 Civ. 1829, 2001 WL 1286989, at *4 (S.D.N.Y. Oct. 24, 2001) (disregarding claim of prejudice where defendants "failed to articulate any reason why, if the amendment is permitted, the discovery deadline would have to be extended" or that the amendment "would in any way materially affect the duration or scope of discovery").  Given the close relationship between JP Morgan and EMC, and common allegations and counsel in this case, the addition of JP Morgan as a party should not require a significant expansion of discovery.  But to the extent additional discovery is appropriate, that would be the case regardless of whether this litigation goes forward in state or federal court.  This Court has already analyzed the prospect of further discovery flowing from the additional claims and parties in the amended complaint, and nevertheless ruled (correctly) that JP Morgan should be added as a party.  (Report & Recommendation at 21-25.)

Similarly unavailing is EMC's argument that litigating the case in state court will be prejudicial because that court will be less familiar with this litigation than this Court. (Br. 3-4.) Once again, EMC exaggerates the prejudice. The New York state courts are perfectly capable of adjudicating the parties' New York state-law claims (if those are the only claims that remain). Indeed, there are currently pending before the New York Supreme Court no fewer than a half-dozen similarly complicated and significant residential mortgage-backed securities litigations brought by monoline insurers against bank defendants. *See, e.g.*, *MBIA Ins. Corp. v. Countrywide Home Loans, Inc., et al*, Index No. 602825/2008; *MBIA Ins. Corp. v. Residential Funding Co. LLC*, Index No. 603552/2008; *MBIA Ins. Corp. v. Credit Suisse Sec. (USA) LLC, et al*, Index No. 603751/2009; *Syncora Guar. Inc. v. Countrywide Home Loans, Inc., et al.*, Index No. 650042/2009; *Ambac Assurance Corp. v. Credit Suisse Sec. (USA) LLC, et al*, Index No. 600070/2010; *Ambac Assurance Corp. v. Countrywide Home Loans, Inc., et al.*, Index No. 651612/2010. The parties have both cited to this Court decisions rendered in those cases, several of which are at least as mature as this one. The state court is perfectly capable of handing the issues presented in this case, if necessary.

While focusing on these contrived, hypothetical harms that EMC will allegedly suffer should this case be litigated in state court, EMC ignores the concrete harm to Ambac that will result from a denial of the amendment. Contrary to EMC's suggestion, the "sole effect" of the amendment granted in the Report & Recommendation is not "depriv[ing] the Court of subject matter jurisdiction." (Br. at 3.) Rather, the much more significant effect of the amendment is the recognition of Ambac's meritorious common-law fraud claims, including as against JP Morgan. This Court has determined that Ambac has pleaded a valid fraud claim against JP Morgan, and that Ambac is entitled to assert it. By demanding that the motion to amend be denied, EMC

6

effectively asks this Court to force Ambac either to forego entirely its claims against JP Morgan, or to file a separate state-court lawsuit asserting only those claims (a parallel proceeding that would be a tremendous waste of resources for both parties). In balancing the potential prejudice to the parties, the denial of this motion for reconsideration is simple.

## CONCLUSION

EMC's motion for reconsideration should be denied in its entirety.

Dated:  New York, New York
   January 11, 2011

Respectfully submitted,

 /s/ Philip R. Forlenza_____

Philip R. Forlenza
Erik Haas
Nicolas Commandeur
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
Telephone:  (212) 336-2000
Fax:  (212) 336-2222

*Attorneys for Plaintiff Ambac Assurance Corp.*

To: Richard A. Edlin
   Eric N. Whitney
   David J. Stone
   GREENBERG TRAURIG LLP
   200 Park Avenue
   New York, NY  10166

   John M. Callagy
   Nicholas J. Panarella
   William A. Escobar
   KELLEY DRYE & WARREN, LLP
   101 Park Avenue
   New York, NY 10178

   *Attorneys for Defendant EMC Mortgage Corp.*