# EXHIBIT 9

Not Reported in F.Supp.2d, 2000 WL 145755 (S.D.N.Y.)
**(Cite as: 2000 WL 145755 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
James B. DAIS, Plaintiff,
v.
LANE BRYANT, INC., Defendant.

No. 97Civ.2011(PKL)(RLE).
Feb. 8, 2000.

*MEMORANDUM ORDER*

LEISURE, J.

***1** Plaintiff James B. Dais brings this action alleging unlawful racial discrimination and employment termination in violation of 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); New York Exec. Law § 296 (the "NYHRL"); and New York City Administrative Code § 8-107 (the "NYCHRL"). On May 12, 1998, plaintiff moved for leave to file a Second Amended Complaint to add a claim of gender discrimination. This Court referred the matter to the Honorable Ronald L. Ellis, United States Magistrate Judge. On March 30, 1999, Judge Ellis issued a Report and Recommendation (the "Report") advising this Court to deny plaintiff's motion for leave to amend. Plaintiff has since raised several objections to the Report. For the following reasons, plaintiff's motion is denied.

BACKGROUND

From August 1994 until December 26, 1996, plaintiff was employed by defendant Lane Bryant, Inc., the owner of a national chain of retail stores specializing in women's clothing, as a store manager in its Long Island District. *See* Am. Compl. ¶¶ 6, 10. Plaintiff's original Complaint stated claims of race discrimination in employment under 42 U.S.C. § 1981, the NYHRL, and the NYCHRL. *See* Compl. ¶¶ 13-22. On May 29, 1997, having received a "right to sue" letter from the EEOC, plaintiff filed an Amended Complaint, adding a claim under Title VII. *See* First Am. Compl. ¶¶ 27-30. The Court referred the action to Judge Ellis for general pre-trial case management on September 23, 1997.

By Order dated January 9, 1998, Judge Ellis directed the parties to complete discovery by March 31, 1998, although he later extended the discovery deadline to April 24, 1998 to allow plaintiff to take one additional deposition. *See* Report at 1. On May 12, 1998, plaintiff moved to further amend his Complaint, pursuant to Fed.R.Civ.P. 15(a), to add a claim of gender discrimination under the NYHRL and NYCHRL. *See id.* Defendant has opposed plaintiff's motion on the following grounds: (1) unexplained delay in moving to amend, *see* Def. Opp. Mem. at 3; (2) bad faith, *see id.* at 4; (3) failure to cure deficiencies by previous amendments, *see id.* at 5; (4) undue prejudice, *see id.* at 6; and (5) futility of further amendment, *see id.* at 7.

On March 30, 1999, Judge Ellis issued a recommendation that plaintiff's motion be denied. *See* Report at 1, 5. Plaintiff filed timely objections to the Report on April 12, 1999, and defendant submitted a reply to plaintiff's objections on April 22, 1999.

DISCUSSION

I. Standard of Review

As an initial matter, the Court must determine the appropriate standard of review for considering Judge Ellis's Report. Under Fed.R.Civ.P. 72(b), the recommendation of a Magistrate Judge on a dispositive matter is subject to a *de novo* review by the District Judge to whom the case is assigned, while Fed.R.Civ.P. 72(a) provides that recommendations on nondispositive matters are to be reviewed under a "clearly erroneous" standard. In this case, *de novo* review is appropriate because Judge Ellis's determination is based in part on the futility of plaintiff's claim. *See HCC, Inc. v. R H & M Mach. Co.,* 39 F.Supp.2d 317, 321 (S.D.N.Y.1999) (Leisure, J.) ("[D]enial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility.").[FN1] Although Judge Ellis's

Not Reported in F.Supp.2d, 2000 WL 145755 (S.D.N.Y.)
**(Cite as: 2000 WL 145755 (S.D.N.Y.))**

recommendation is based on numerous other grounds in addition to futility, which alone would subject the Report to a "clearly erroneous" standard of review, the Court will review the entire Report *de novo.* In any event, the decision to review the Report *de novo* is irrelevant to the outcome of the matter at hand because, applying either standard, this Court would uphold the Report for the reasons that follow. See *id.* at 322.

> FN1. *See also St. Charles Foods, Inc. v. America's Favorite Chicken Co.,* 198 F.3d 815, 822 (11th Cir.1999); *Hahn v. Star Bank* 190 F.3d 708, 715-16 (6th Cir.1999); *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir.1999); *Glassman v. Computervision Corp.* 90 F.3d 617, 623 (1st Cir.1996) ; *Gallegos v. Brandeis School,* 189 F.R.D. 256, 258 (E.D.N.Y.1999); *Nettis v. Levitt,* No. 96 Civ. 806, 1999 WL 386711, at *3 (S.D.N.Y. June 11, 1999).

II. Motion for Leave to Amend

***2** Fed.R.Civ.P. 15(a) provides that, in general, leave to amend a pleading should be freely granted "when justice so requires." *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 252 (2d Cir.1991). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be freely given." See *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Court has broad discretion in deciding whether or not to grant leave to amend. *See id.*

This Court accepts Judge Ellis's recommendation that plaintiff's motion be denied for the following reasons.[FN2] First, plaintiff has offered no explanation as to why he chose to wait so long to attempt to add gender discrimination claims. *See* Report at 3. Second, plaintiff has known the factual basis for his proposed amendment since commencement of the litigation, yet never sought to plead such claims until just prior to the close of discovery. *See id.* Finally, further amendment would "unduly delay the resolution of this case and prejudice the defendant." *Id.* at 4.[FN3] Although plaintiff argues that Judge Ellis misapplied Second Circuit precedent, *see* Pl. Obj. ¶¶ 1, 5-7, 10, this Court clearly "has discretion ... to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990).[FN4]

> FN2. Plaintiff has observed that during an April 27, 1998 pre-motion conference, this Court originally discouraged defendant from opposing plaintiff's motion. While that may be true, preliminary comments by a court during a pre-motion conference are only meaningful if subsequent consideration of a fully submitted motion supports the initial reaction. It is axiomatic that a court may not use a pre-motion conference to prevent the full-blown presentation of the motion. *See, e.g., Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926, 935-36 (2d Cir.1992); *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 652 (2d Cir.1987). With the full record before him, Judge Ellis had all the information needed to make a reasoned determination on this matter. In particular, Judge Ellis had the benefit of defendant's memorandum of law in opposition to plaintiff's motion, which contained arguments this Court had yet to consider when it suggested that defendant not oppose the motion. *See* Def. Opp. Mem. at 2-7.

> FN3. Although the Report does not specify what additional discovery would be necessary, this Court will not substitute its judgment for that of Judge Ellis. Moreover, as discussed above, Judge Ellis's Report can

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2000 WL 145755 (S.D.N.Y.)
**(Cite as: 2000 WL 145755 (S.D.N.Y.))**

be affirmed on numerous other grounds.

FN4. This Court does not, however, fully adopt Judge Ellis's conclusion that the proposed amendment would be entirely futile. *See* Report at 4. The Court does agree that any claim of gender discrimination under the NYCHRL would be futile, as plaintiff has not asserted that any of the alleged discriminatory acts took place within the boundaries of New York City. *See Duffy v. Drake Beam Morin, Harcourt Gen., Inc.,* No. 96 Civ. 5606, 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998); *see also Levy v. City Comm'n on Human Rights,* 85 N.Y.2d 740, 743, 628 N.Y.S.2d 245, 246-47, 651 N.E.2d 1264, 1265-66 (1995) ("The Administrative Code of the City of New York vests in the New York City Commission on Human Rights the authority and jurisdiction to eliminate and prevent discrimination *within the City of New York.*") (emphasis added). Nevertheless, defendant has failed to demonstrate that plaintiff's NYHRL claim is futile with respect to gender discrimination. Defendant contends that such a claim is subject to dismissal because plaintiff was fired by a man, as the result of a decision by a man, and was replaced by a man. *See* Def. Opp. Mem. at 8. Yet, the Supreme Court has recently found actionable discrimination where the harasser and the harassed employee are members of the same sex. *See Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 76 (1998). Likewise, the fact that an employer hired someone of the same gender as the plaintiff does not itself defeat an otherwise legitimate inference of gender discrimination. *See Marks v. National Communications Ass'n, Inc.,* 72 F.Supp.2d 322, 329 (S.D.N.Y.1999) (Leisure, J.).

Finally, plaintiff objects to the Report's reliance on *Priestley v. American Airlines, Inc.,* No. 89 Civ. 8265, 1991 WL 64459, at *1 (S.D.N.Y. Apr. 12, 1991), for the proposition that leave to amend should not be denied simply because the proposed amendment is based on an afterthought. While the Second Circuit has held that "amendments seeking to insert or correct matters about which parties should have known but did not know are plainly within the scope of Rule 15(a)," *Hanlin v. Mitchelson,* 794 F.2d 834, 840 (2d Cir.1986), in this case, plaintiff has not identified any matters about which he has not known all along. In addition, if, as here, the plaintiff offers no excuse for the delay, denial of leave to amend is appropriate. *See Berman v. Parco,* 986 F.Supp. 195, 201 (S.D.N.Y.1997); cf. *Barrows v. Forest Labs., Inc.,* 742 F.2d 54, 59 n. 11 (2d Cir.1984) (denying leave to amend where plaintiffs failed to "explain why the new theories could not have been presented in the original complaint as alternatives").FN5 The longer the period of unexplained delay, the less required of the non-moving party to establish prejudice. *See Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993).

FN5. *See also* 1 Michael C. Silberberg, *Civil Practice in the Southern District of New York* § 6.27, at 6-55 (2d ed. 1999) ("[T]he Court may deny a motion to amend where the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.").

CONCLUSION

**\*3** For the foregoing reasons, plaintiff's motion for leave to further amend his Amended Complaint is HEREBY DENIED. The parties are ordered to appear before this Court at the United States Courthouse, 500 Pearl Street, Courtroom 18B, New York, New York, on February 29, 2000, at 11:30 a.m. for a pre-trial conference. Pursuant to Judge Ellis's Order of March 30, 1999, the parties shall submit their Joint Pre-trial Order within twenty-one

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2000 WL 145755 (S.D.N.Y.)
**(Cite as: 2000 WL 145755 (S.D.N.Y.))**

days of the date of this Memorandum Order.

    SO ORDERED.

S.D.N.Y.,2000.
Dais v. Lane Bryant, Inc.
Not Reported in F.Supp.2d, 2000 WL 145755 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.