UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
AMBAC ASSURANCE CORPORATION,                    :
                                                :
                        Plaintiff,              :
                                                :    08 Civ. 9464 (RMB)(THK)
                                                :
            -against-                           :         **MEMORANDUM OPINION**
                                                :            **AND ORDER**
EMC MORTGAGE CORPORATION,                        :
                                                :
                        Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
**THEODORE H. KATZ, United States Magistrate Judge.**

Defendant    EMC    Mortgage    Corporation    ("EMC")    seeks
reconsideration  of  the  Court's  December  16,  2010  Report  and
Recommendation  ("Report"),  granting  Ambac  Assurance  Company
("Ambac")  leave  to  amend  its  Complaint  to  assert  a  fraudulent
inducement claim against Bear Stearns & Co., Inc. ("Bear Stearns").
Ambac  opposes  EMC's  request  for  reconsideration.   For  the  reasons
that follow, the motion for reconsideration is denied.

                              **BACKGROUND**

    The  facts  underlying  this  action  are  more  fully  discussed  in
the Report.   In this Opinion and Order, only those facts necessary
to  the  disposition  of  the  instant  motion  are  set  forth.

    On  the  basis  of  newly  discovered  facts,  Ambac  sought  leave  to
amend  its  Complaint  to  add  as  defendants,  Bear  Stearns,  as  well  as
ten high-ranking individual executives of Bear Stearns ("Individual
Defendants").    (See  Proposed  First  Amended  Complaint  ("Am.
Compl."),  attached  as  Ex.  1  to  Declaration  of  Erik  Haas  in  Support

of Plaintiff's Motion for Leave to Amend the Complaint ("Haas Aff."), ¶¶ 38-49.) In addition, Ambac sought to add the following additional causes of action: (1) fraudulent inducement; (2) securities fraud in violation of the Securities Exchange Act of 1934 ("Securities Exchange Act"); (3) violations of Section 20 of the Securities Exchange Act, against the Individual Defendants as control persons; and (4) (against JP Morgan only) tortious interference with contract. (See id. ¶¶ 309-353.) Finally, Ambac sought to add as a co-plaintiff the Segregated Account of Ambac ("Segregated Account"). (See id. ¶¶ 33-36.)

EMC opposed Ambac's motion to amend, arguing that Ambac ran afoul of both Federal Rules of Civil Procedure 16(b) and 15(a). In particular, EMC argued: (1) Ambac did not act with diligence in seeking to amend the Complaint (see Memorandum of Law in Opposition to Ambac's Motion for Leave to Amend, dated Aug. 23, 2010, at 15-17); (2) the proposed untimely amendment would prejudice EMC (see id. at 17-19); and (3) the proposed new claims are futile (see id. at 19-35). Ambac also argued that the Segregated Account is not a proper plaintiff in this case. (See id. at 35-36.)

For reasons stated in the Report, the Court recommended that the motion to amend be granted in part and denied in part. In particular, the Court recommended that Ambac's motion to amend the Complaint be granted with respect to its fraudulent inducement claim, and denied with respect to its claims under Sections 10 and

20 of the Securities Exchange Act and its tortious interference with contract claim.  The Court further recommended that the motion to add ten individual defendants, and the Segregated Account as a plaintiff, be denied.

In the instant motion, EMC moves for reconsideration of the Report, arguing that "the discretion afforded by, and the principles underlying, both Rules 15 and 21 do not authorize or warrant" the Court to grant Ambac leave to amend "where the sole effect will be to deprive the Court of subject matter jurisdiction and require dismissal of the action."  (EMC's Memorandum of Law in Support of Motion for Reconsideration, dated Jan. 5, 2011 ("EMC Mem."), at 2.)  EMC contends that by adding Bear Stearns as a defendant the Court's diversity jurisdiction will be destroyed.  In addition, claiming that it was the Court who overlooked the jurisdiction-destroying effect of permitting an amendment to join Bear Stearns as an additional defendant, EMC contends that adopting the Report in its present form would "not only result in prejudice to EMC, who will be forced to incur significant expenses to re-litigate threshold issues, but [would] also clearly be a waste of the substantial judicial resources already expended by this Court in the last two years."  (Id.) (citation and internal quotation marks omitted).

## DISCUSSION

Neither party disputes that both Ambac and Bear Stearns have

corporate headquarters in New York, and that both are citizens of New York State for diversity of citizenship purposes.  See Hertz Corp. v. Friend, 120 S. Ct. 1181, ___ U.S. ___ (2010) (holding that a corporation is a citizen of the state in which it maintains its "nerve center," which is normally the place in which it is headquartered).   Therefore, the result of an order granting Plaintiff leave to add only state law claims against Bear Stearns — and not federal securities law claims — would be to divest this Court of jurisdiction over the instant action, which is founded upon diversity of citizenship under 28 U.S.C. § 1332(a).  Neither party, however, raised this issue in their submissions to the Court in connection with the motion to amend.

A.   Legal Standards for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3 of the Southern District of New York ("Local Rule 6.3").  Local Rule 6.3 provides that a motion for reconsideration of a court order must be served with "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."  Local Rule 6.3.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."   Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

1995); accord Cohen v. Federal Express Corp., No. 07 Civ. 01288 (RJH) (THK), 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007); see also Jones v. Donnelly, No. 03 Civ. 0396 (VM), 2007 WL 1375672, at *1 (S.D.N.Y. May 9, 2007) (holding that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources") (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Reconsideration is not a "second bite at the apple" for a party dissatisfied with a court's ruling, see Fesco Ocean Mgmt. Ltd. v. High Seas Shipping Ltd., No. 06 Civ. 1055 (NRB), 2007 WL 1406624, at *1 (S.D.N.Y. May 9, 2007) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)), nor is it an opportunity to "advance new facts, issues, or arguments not previously presented to the court," Frierson-Harris v. Hough, No. 05 Civ. 3077 (DLC), 2007 WL 1343843, at *1 (S.D.N.Y. May 8, 2007) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). "A motion for reconsideration may not treat 'the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" Frierson-Harris, 2007 WL 1343843, at *1 (quoting Questrom v. Federated Dep't Stores, Inc., 192 F.R.D. 128, 131 (S.D.N.Y. 2000)). "The sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling

authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake. Motions for reconsideration allow the district court to correct its own mistakes, not those of the [p]arties." Levin v. Gallery 63 Antiques Corp., No. 04 Civ. 1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) (internal quotation marks, citations, and parentheticals omitted).

B.    Application to EMC's Motion

EMC contends that "[b]ecause the Court's Order did not address, and appears to have overlooked, the jurisdiction-destroying effect of permitting an amendment to add Bear Stearns, reconsideration is proper and the Report should be revised." (EMC Mem. at 3.)   We disagree.

To start, EMC never raised this issue in the original briefing of the motion to amend, and, therefore, cannot seek reconsideration on this basis. Nowhere in EMC's opposition to the motion to amend was the issue of subject matter jurisdiction raised. "[A] party is not permitted to put forth new facts, issues, or arguments that were not presented to the court on the original motion." Cohen, 2007 WL 1573918, at *4. Defendants have not set forth any "matter or controlling decisions" that the Court has "overlooked." See Local Rule 6.3. Indeed, as EMC itself conceded at a January 5 hearing before this Court: "Your Honor, I think it's interesting to hear that [lack of diversity] was on the top of plaintiff's

mind, because it wasn't at the top of our mind.  We were briefing the issue as we felt it should come out, in which case the issue would not have arisen."   (Transcript of Hearing, dated Jan. 5, 2011, at 45.)  To the extent that EMC now contends that the loss of diversity jurisdiction is relevant to the analysis of the motion to amend, it was incumbent upon EMC to have raised this issue when it originally briefed its opposition to that motion.  See Butler, 2010 WL 2891165, at *4 (denying motion for reconsideration because "it appears that it is Defendants [and not the Court] who overlooked important evidence"); accord Levin, 2007 WL 1288641, at *2.

EMC argues, in response, that the issue of subject matter jurisdiction was overlooked in its previous submissions to the Court because the ruling in the Report — granting leave to amend to add the fraudulent inducement claim only — was not an outcome specifically advocated by either party.  (See EMC Mem. at 2 n. 3.) This does not imply, however, that this outcome could not have been anticipated by EMC.  The motion to amend involved the addition of parties and claims.   It should have been apparent to EMC that certain configurations of those parties and claims flowing from the resolution of that motion could destroy diversity jurisdiction in this case.  The failure of EMC to have anticipated as much is EMC's mistake, and this Court will not grant a motion for reconsideration to correct an omission, not by the Court, but by the parties themselves.  See Levin, 2007 WL 1288641, at *2.

In addition, contrary to what EMC contends, there is no rule that requires denial of a motion to amend if granting that motion would divest a court of jurisdiction. (See EMC Mem. at 2.) While it is true that "where the proposed amendment includes the addition of a party that will destroy diversity jurisdiction, closer scrutiny of the proposed amendment is necessary," Coniglio v. The Andersons, Inc., No. 03-CV-0153A(F), 2004 WL 1228393, at *4 (W.D.N.Y. June 3, 2004), courts routinely grant leave to amend pleadings where the result will be the destruction of diversity jurisdiction. See, e.g., Aarne v. GES Exposition Servs., No. CV 06-0042 (BMC) (JO), 2007 WL 1135557, at *2-3 (E.D.N.Y. Apr. 17, 2007); Sonn v. Wal-Mart Stores, Inc., No. CV 06-1816 (FB) (JO), 2006 WL 2546545, at *2-4 (E.D.N.Y. Sept. 1, 2006); Coniglio, 2004 WL 1228393, at *4-5 ; Moncion v. Infra-Metals Corp., No. 01 Civ. 11389 (RLE), 2002 WL 31834442, at *2-3 (S.D.N.Y. Dec. 18, 2002); Shaw v. Mumford, 526 F. Supp. 1209, 1213-14 (S.D.N.Y. 1981).

In particular, in deciding whether to allow a plaintiff to amend a complaint to add a non-diverse party, resulting in a loss of jurisdiction, courts typically consider four factors: "(1) whether the plaintiff delayed in moving to amend; (2) the resulting prejudice to defendants from joinder; (3) the likelihood of multiple litigations; and (4) plaintiff's motivation in moving to amend." Id. (citations omitted). "The Court must consider the totality of the circumstances." Roll On Express, Inc. v. Travelers

Indem. Co. Of Connecticut, No. 09-CV-213 (RLM), 2009 WL 1940731, at *3 (E.D.N.Y. July 2, 2009). "In other words, these four factors are not exclusive, but instead represent factors that courts have found most useful in weighing the interests for and against joinder and remand." McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 263 (E.D.N.Y. 2010).

As to delay, this Court has already analyzed plaintiff's delay in seeking to add claims and parties to the First Amended Complaint, and has determined that Bear Stearns should be added as a party. As for multiple litigations, it is clear that if the Court grants the motion for reconsideration and dismisses Bear Stearns as a party, as well as the fraudulent inducement claim, it will create the risk of parallel actions in state and federal court; indeed, as Ambac states in its brief, "by demanding that the motion to amend be denied, EMC effectively asks this Court to force Ambac . . . to file a separate state-court lawsuit asserting only [its state law claims against Bear Stearns]." (Ambac's Memorandum of Law in Opposition to EMC's Motion for Reconsideration, dated Jan. 11, 2011 ("Ambac Mem."), at 6-7.)

As to Ambac's motivation, there is no doubt that Ambac did not seek to join a non-diverse party who lacks a real connection with the controversy at issue. In addition, there is no basis to conclude that Ambac joined Bear Stearns as a party simply to have the case dismissed and refiled in state court. After all, it was

Ambac who first brought this case in federal court.  Moreover, if Ambac wanted the case dismissed so that it could proceed in state court, that is, if it was forum-shopping, it would not have proposed amendments involving violations of federal securities law.

Finally, EMC cannot show real prejudice, distinct from its prejudice argument in opposing the motion to amend, if this Court does not reconsider its Report.  See, e.g., Kenny v. Ryan Web Solution L.L.C., No. 05 Civ. 0727 (DAB), 2005 WL 1719878, at *2 (S.D.N.Y. July 22, 2005) (granting plaintiff's motion for reconsideration because a prior court order, dismissing the case without prejudice, might have resulted in a claim being time-barred); see also Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (stating that a district court will normally grant a motion to amend an order only "to correct a clear error of law or prevent manifest injustice"); Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (stating that to prevail on a motion for reconsideration, movant must demonstrate the need to "prevent manifest injustice") (quoting Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).

Although EMC attempts to characterize them differently, the cases to which EMC cites in its brief are indicative of precisely this prejudice analysis.  (See EMC Mem. at 1-2.)  For example, in Quevedo v. Postmaster, U.S. Postal Serv., 774 F. Supp. 837, 839 (S.D.N.Y. 1991), the court exercised its discretionary power under

Fed. R. Civ. P. 60(b)(6) and reversed its grant of summary judgment, because a change in the determination of an administrative agency after the motion was decided would have the effect of denying the plaintiff the ability to secure relief unless the federal case was reopened. The court concluded that not permitting the plaintiff to present his claim to the court would impose upon him an "extreme and undue hardship," because such a decision would "effectively deny plaintiff access to the only legal remedy proper in his situation: a claim under the FTCA." Similarly, in Kenny, where the court had initially dismissed the case without prejudice for lack of subject matter jurisdiction, the plaintiff succeeded in moving the court to reconsider its ruling, pursuant to Local Rule 6.3, because the court found that dismissing the case, rather than allowing the plaintiff to replead its claims, could "prejudice" the plaintiff's state law claim, as "the statute of limitations is generally not tolled when a case is dismissed without prejudice." Kenny, 2005 WL 1719878, at *2.

If EMC's present motion for reconsideration is denied, by contrast, it will not be without a legal remedy. EMC is free to assert all of its defenses in the New York courts, which are fully capable of adjudicating the parties' state-law claims. Indeed, as Ambac points out, there are no fewer than a half-dozen cases pending before the New York Supreme Court, involving claims brought by monoline insurers of residential mortgage-backed securities

against large bank defendants.   (<u>See</u> Ambac Mem. at 6) (collecting cases).

Finally, whether this case proceeds in state court, or in this court, there is additional discovery to be taken, and the discovery that has been taken will continue to be relevant.  The parties will not be "abandoning" or "throwing out" the work that has been done thus far in this litigation, as EMC contends.  (<u>See</u> EMC Mem. at 2-3.)

In sum, EMC has failed to demonstrate the kind of "prejudice" or "manifest injustice" that would justify this Court's granting relief under Local Rule 6.3.

## CONCLUSION

For all of the foregoing reasons, the Court denies EMC's motion for reconsideration and declines to amend the Report and Recommendation.

So Ordered.


_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE


Dated: January 28, 2011
       New York, New York