**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
AMBAC ASSURANCE CORPORATION,           :
                                        :
              Plaintiff,                :
                                        :         08 Civ. 9464 (RMB) (THK)
       -against-                        :
                                        :         **DECISION & ORDER**
EMC MORTGAGE CORPORATION,               :
                                        :
              Defendant.                :
------------------------------------------------------------X

**I.     Background**

On November 5, 2008, Ambac Assurance Corporation ("Plaintiff" or "Ambac") filed a complaint ("Complaint"), in diversity, against EMC Mortgage Corporation ("Defendant" or "EMC") alleging that EMC breached representations and warranties contained in four Insurance and Indemnity Agreements, dated, respectively, December 30, 2005, January 30, 2006, September 15, 2006, and April 30, 2007 (collectively "Agreements"), by, among other things, failing to "comply with its contractual obligations to cure, repurchase, or provide substitutes for non-compliant loans."  (Compl. ¶¶ 2–3, 79–80, 89–101.)  On July 30, 2010, Ambac filed a motion to amend the Complaint to include new claims and new parties as follows:  (1) a claim of fraudulent inducement against EMC and Bear, Stearns & Co. Inc. ("Bear Stearns"); (2) claims of violation of §§ 10(b) and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), against EMC, Bear Stearns and ten (individual) executives of Bear Stearns ("Individual Defendants"); and (3) a claim of tortious interference with contract against JP Morgan Securities Inc. ("JP Morgan").  (Mem. of Law in Supp. of Pl. Ambac Assurance Corporation's Mot. for Leave to File Am. Compl., dated July 28, 2010 ("Pl. Mot.") at 1.)

On December 16, 2010, United States Magistrate Judge Theodore H. Katz, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court grant in part and deny in part Ambac's motion to amend its Complaint. (Report at 84.) Judge Katz recommended that: (1) Ambac be permitted to amend its Complaint to include fraudulent inducement; (2) Ambac's proposed securities law claims be denied as futile because, among other reasons, Ambac did not purchase or sell the securities at issue here; and (3) Ambac's tortious interference with contract claim be denied as futile because "Ambac has alleged nothing in its [proposed amended] . . . [c]omplaint to suggest that JP Morgan acted with any motivation beyond its own economic interest in refusing to repurchase loans." (Report at 41–42, 63, 69.)

The Report advised the parties that, "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure ['Fed. R. Civ. P.'], the parties shall have fourteen (14) days from service of this Report to file written objections." (Report at 84.)

On January 14, 2011, Ambac and EMC each filed objections to the Report ("Objections"). In its Objections, EMC argues, among other things, that Ambac should not be given leave to add Bear Stearns as a defendant because, as Ambac does not dispute, doing so would destroy this Court's diversity jurisdiction. (Def. EMC Mortgage Corporation's Objections to Judge Theodore H. Katz's December 16, 2010 Report and Recommendation on Ambac's Mot. for Leave to File an Am. Compl., dated Jan. 14, 2011 ("EMC Objections"), at 23 (citing 28 U.S.C. § 1367(b).) In its Objections, Ambac argues, among other things, that it is subrogated to the rights of the noteholders because "the payments [made by Ambac] are solely for the benefit of, and are received by, the [n]oteholders." (Pl. Ambac Assurance Corporation's Objections to

2

Magistrate Judge Katz's Report and Recommendation on its Mot. for Leave to File Amended Compl. ("Ambac Objections"), at 15, 20).

On January 28, 2011, Ambac and EMC submitted responses to the other party's Objections ("Responses").

**For the reasons set forth below, the Court adopts the Report with respect to its analysis of Plaintiff's proposed fraudulent inducement and securities law claims.  The Court does not reach Plaintiff's proposed tortious interference claim.**  (See footnote 2 below.)

## II.     Standard of Review

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are neither clearly erroneous nor contrary to the law.  See Thomas v. Arn, 474 U.S. 140, 150–52 (1985); see also Bridgeport Music, Inc., et al. v. Universal Music Grp., Inc., et al., 248 F.R.D. 408, 410 (S.D.N.Y. 2008).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); ADL, LLC v. Tirakian, 06 Civ. 5076, 2010 WL 3926135, at *1 (E.D.N.Y. Sept. 29, 2010).

"Substantial case law holds that a party may amend its pleadings even if the amendment destroys diversity jurisdiction."  Acme Elec. Corp. v. Sigma Instruments, Inc., 121 F.R.D. 26, 28 (W.D.N.Y. 1998) (collecting cases).

**III.    Analysis**

The facts and procedural history set forth in the Report are incorporated herein by reference. The Court has conducted a <u>de novo</u> review, including the Report, applicable legal authorities, and the parties' Objections and Responses. The parties' submissions provide no basis for departing from the Report's recommendations.[1]

**(1) Fraudulent Inducement Claim**

Judge Katz properly concluded that Ambac had satisfied the "good cause to amend" requirement of Fed. R. Civ. P. Rule 16(b) because, among other reasons, "the evidence [recently] secured in discovery . . . forms the basis for the proposed amendments." (Report at 20); <u>see</u> <u>Stonewell Corp. v. Conestoga Title Ins. Co.</u>, No. 04 Civ. 9867, 2010 WL 647531, at *2 (S.D.N.Y. Feb. 18, 2010); <u>Am. Med. Assoc. v. United Healthcare Corp.</u>, No. 00 Civ. 2800, 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006).

Judge Katz properly concluded that "EMC has not demonstrated sufficient prejudice to preclude the amendment of the Complaint" (Report at 25) because, among other reasons, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." <u>United States v. Cont'l Ill. Nat'l Bank & Trust of Chi.</u>, 889 F.2d 1248, 1255 (2d Cir. 1989); <u>see also</u> <u>S.S. Silbertblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.</u>, 608 F.2d 28, 43 (2d Cir. 1979). And, "there is no evidence of bad faith on the part of Ambac in filing the motion to amend." (Report at 25); <u>see</u> <u>Enzymotec Ltd. v. NBTY, Inc.</u>, -- F. Supp. 2d --, 2010 WL 4959883, at *8 (E.D.N.Y. Dec. 7, 2010).

---

[1]    As to any portions of the Report to which no objections have been filed, the Court concludes that the Report is not clearly erroneous. <u>See</u> <u>Pizarro v. Bartlett</u>, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Any Objections not specifically addressed in this Order have been considered <u>de novo</u> and rejected.

4

Judge Katz also properly concluded that Ambac's fraudulent inducement claim, as pled, is sufficient to survive a motion to dismiss because, among other reasons, the alleged pre-contractual misrepresentations supporting Ambac's fraudulent inducement claims are "extraneous to the contract documents." (Report at 50–51, 60); see Merrill Lynch & Co v. Allegheny Energy, Inc., 500 F.3d 171, 184 (2d Cir. 2007); Rojo v. Deutsche Bank, No. 06 Civ. 13574, 2008 WL 4865037, at *6–7 (S.D.N.Y. Nov. 5, 2008); RKB Enters., Inc. v. Ernst & Young, 582 N.Y.S.2d 814 (App. Div. 1992) ("A party fraudulently induced to enter into a contract may join a cause of action for fraud with one for breach of the same contract.").

**(2) Securities Law Claims**

Judge Katz properly concluded that Ambac's §§ 10(b) and 20 claims are futile because, among other reasons, Ambac did not purchase or sell any of the (debt) securities at issue here. (See Report at 29); Blue Chips Stamp v. Manor Drug Stores, 421 U.S. 723, 731 (1975). Nor are the Trusts purchasers or sellers of securities. (Report at 33–34.) And, "Ambac does not obtain standing by virtue of its status as a guarantor of an asset-backed note." (Report at 29); see MBIA Ins. Corp. v. Spiegel Holdings, Inc., et al., 03 Civ. 10097, 2004 WL 1944452, at *4 (S.D.N.Y. Aug. 31, 2004); Peltz v. D'Urso, 92 Civ. 6457, 1993 WL 664621, at *1 (S.D.N.Y. Oct. 7, 1993).

Judge Katz also properly concluded that the doctrine of equitable subrogation does not "give Ambac the right . . . to allege federal securities fraud claims on behalf of third parties who are neither signatories to, or the insureds under, the underlying [A]greements," particularly where, as here, Ambac "is able to be made whole directly by the party [EMC] who is alleged to have caused the loss." (Report at 39, 41–42); see Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1053 (9th Cir. 2007) ("[The insurer] does not become subrogated to the rights of the

insured's third party claimant.") (internal quotation marks and emphasis omitted); Hamlet at Willow Creek Dev. Co. v. Ne. Land Dev. Corp., 878 N.Y.S.2d 97, 112 (App. Div. 2009).

**Loss of Diversity Jurisdiction**

District courts in this Circuit permit a joinder which destroys diversity "when consistent with principles of fundamental fairness" and after consideration of such factors as any delay, as well as the reason for delay in seeking joinder, any resulting prejudice to defendant, the likelihood of multiple litigation, and "the plaintiff's motivation for the amendment." Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003).

Ambac did not delay unreasonably in seeking to join Bear Stearns as a defendant because, among other reasons, Ambac was "not in possession of the full facts when [it first filed] the suit," and it was after discovery that Ambac "learned that [Bear Stearns] might be liable as [a] defendant." Acme, 121 F.R.D. at 28. Nor is there reason to believe that the motive underlying Ambac's motion to join Bear Stearns as an additional defendant is to deprive this Court of jurisdiction. See Shaw v. Munford, 526 F. Supp. 1209, 1214 (S.D.N.Y. 1981); Nazario, 295 F. Supp. 2d at 364. As Judge Katz noted, Ambac also sought to include claims of federal securities law violations, which, if allowed, would have provided an independent basis for this Court's jurisdiction. (See Report at 7.) And, notwithstanding EMC's contention that permitting joinder at this (late) date would "result in prejudice to EMC . . . by forc[ing] [it] to incur significant expenses to relitigate threshold issues" (EMC Objections at 24), the Court finds that if joinder were denied, Ambac "would be unfairly prejudiced by having to litigate in two different

forums," perhaps resulting in unnecessary expense and conflicting results. Rodriguez by Rodriguez v. Abbott Laboratories, 151 F.R.D. 529, 533 (S.D.N.Y. 1993).[2]

## IV.  Conclusion and Order

For the reasons stated herein and therein, the Report is adopted with respect to its analysis of Plaintiff's proposed fraudulent inducement and securities law claims. As a result of the loss of diversity jurisdiction, the Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
       February 8, 2011

                                                    _____
                                                    RICHARD M. BERMAN, U.S.D.J.

---

[2]  Because the Court is granting Plaintiff's motion to amend, dated July 28, 2010 [#115], to include a non-diverse defendant (i.e., Bear Stearns) and because Plaintiff fails to present a viable federal question under the securities laws, the Court does not address Plaintiff's proposed claim of tortious interference. See First Gen. Res. Co. v. Harman & Craven, No. 88 Civ. 2229, 1989 WL 153057, at *1 (S.D.N.Y. Dec. 13, 1989) (The Court "do[es] not reach th[e] [state law] claims because the Court lacks subject matter jurisdiction over them.").