UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
AMBAC ASSURANCE CORPORATION, :
:
               Plaintiff, :
:
      -against- : CASE NO. 1:08-CV-09464 (RMB) (THK)
:
EMC MORTGAGE CORPORATION and : ECF CASE
BEAR, STEARNS & CO. INC. (now :
known as J.P. MORGAN SECURITIES, :
INC.), :
:
              Defendants. :
:
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF**
**EMC MORTGAGE CORPORATION AND BEAR, STEARNS & CO. INC.'S**
<u>**MOTION FOR CORRECTION OF THE FEBRUARY 8, 2011 DECISION AND ORDER**</u>

                                              Richard A. Edlin
                                              Eric N. Whitney
                                              GREENBERG TRAURIG LLP
                                              200 Park Avenue
                                              New York, NY  10166
                                              Telephone:  (212) 801-9280
                                              Facsimile:  (212) 801-6400

                                              *Counsel for Defendants EMC*
                                              *Mortgage Corporation and Bear,*
                                              *Stearns & Co. Inc. (now known as*
                                              *J.P. Morgan Securities, Inc.)*

March 8, 2011

Defendants EMC Mortgage Corporation ("EMC") and Bear, Stearns & Co. Inc. ("Bear Stearns") (now known as J.P. Morgan Securities, Inc.) (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, for correction of the Court's Decision and Order, dated February 8, 2011 (the "Order"), which (i) granted in part and denied in part plaintiff's Motion for Leave to File an Amended Complaint, dated July 30, 2010 [Docket Nos. 82, 115-117]; and (ii) dismissed this action for lack of jurisdiction. In particular, the Court granted plaintiff Ambac Assurance Corporation ("Ambac") leave to amend its complaint to assert a fraudulent inducement claim against EMC and Bear Stearns and then concluded that the resulting permissive joinder of Bear Stearns to the action resulted in a loss of diversity jurisdiction. Because the Court granted leave to amend and dismissed the case in the same order, Ambac's amended complaint was not deemed filed prior to dismissal of the case. This creates potential ambiguity in the record on appeal. Defendants accordingly respectfully request that the Court clarify its judgment so that the record reflects that the amended complaint, as modified by the Court's order, was the operative complaint at the time of dismissal.

### STANDARD OF REVIEW

A motion for the correction of a judgment or order is governed by Fed. R. Civ. P. Rule 60(a) and provides that "[t]he court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). A motion pursuant to Rule 60(a) seeks to conform the written judgment to accurately reflect "the way in which the rights and obligations of the parties have in fact been adjudicated." *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986); *accord Paddington Partners* v.

*Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994) ("To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intention of the court.").

## DISCUSSION

On July 30, 2010, after almost two years of litigation, Ambac filed a motion for leave to file an amended complaint pursuant to Rules 15, 16 and 21 of the Federal Rules of Civil Procedure.  Ambac moved for leave to amend its complaint to assert a fraudulent inducement claim and a tortious interference with contract claim against EMC and Bear Stearns, federal securities fraud claims against Bears Stearns and ten of its former officers and to add as a plaintiff the segregated account that has been assigned the insurance policies at issue.  Ambac attached to its motion a proposed amended complaint.  On December 16, 2010, Magistrate Judge Katz issued a Report and Recommendation recommending that the Court grant Ambac leave to amend its complaint to include the fraudulent inducement claim against both defendants, but deny Ambac leave to add the remaining claims, defendants and plaintiff.  On January 14, 2011, EMC filed objections to the Report and Recommendation, arguing, among other things, that the proposed fraudulent inducement claim was futile and that the permissive joinder of Bear Stearns, a non-diverse party, would destroy diversity jurisdiction and should be denied for that additional reason.  On February 8, 2011, the Court issued its Order granting Ambac's motion to amend its complaint to assert the fraudulent inducement claim and directing the Clerk of Court to "close this case" due to the loss of diversity jurisdiction resulting from the amendment.  *See* Order at 7.

Typically, following the grant of leave to amend, a proposed amended complaint is filed and served and only then "supersedes the original and renders it of no legal effect." *Int'l Controls Corp*. v. *Vesco*, 556 F.2d 665, 668–69 (2d Cir. 1977).  Here, however, an amended complaint was not filed or served prior to dismissal of the case.  In order to avoid potential

ambiguity in the record, Defendants seek Rule 60 relief for the sole purpose of clarifying that the Court dismissed this action on the basis of specific allegations in the amended complaint and that the amended complaint, as modified to conform to the Court's ruling, constituted the operative complaint in this matter at the time of dismissal.  More specifically, Defendants request that the Court deem the amended complaint filed as of February 8, 2011 (the date of its Order) and enter an appropriate order of dismissal with regards to the amended complaint, as modified.  For the Court's convenience, a proposed order consistent with this motion is attached as Exhibit A.

## CONCLUSION

Defendants EMC and Bear Stearns respectfully request that the Court clarify its February 8, 2011 Order pursuant to Fed. R. Civ. P. 60(a) by entering an order:  (i) deeming the amended complaint filed as of February 8, 2011, as modified by and in accordance with the Court's Order; and (ii) dismissing the amended complaint for lack of jurisdiction.

Dated: March 8, 2011
New York, New York

/s/ Richard A. Edlin
Richard A. Edlin
Eric N. Whitney
GREENBERG TAURIG LLP
200 Park Avenue
New York, NY  10166
Telephone:  (212) 801-9280
Facsimile:  (212) 801-6400

*Counsel for Defendants EMC Mortgage Corporation and Bear, Stearns & Co. Inc. (now known as J.P. Morgan Securities, Inc.)*