```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMBAC ASSURANCE CORPORATION,          :

                   Plaintiff,          :

         - against -          :

EMC MORTGAGE CORPORATION,          :

             Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 08 Civ. 9464 (RMB) (THK)
(case closed)

**CONFIDENTIALITY
STIPULATION AND [PROPOSED]
AMENDMENT TO PROTECTIVE
ORDER**

        Ambac Assurance Corporation ("Ambac") and EMC Mortgage Corporation ("EMC"), by

and through their respective counsel, hereby agree and stipulate to the following provisions

regarding proposed modifications to the Confidentiality Stipulation and Protective Order

("Protective Order") entered in this case on December 19, 2008:

        WHEREAS, the parties engaged in extensive discovery during the more than two years

this case was pending before this Court prior to the dismissal of this case without prejudice for

lack of subject matter jurisdiction, which dismissal became final through the mandate issued by

the United States Court of Appeals for the Second Circuit on August 29, 2011;

        WHEREAS, the discovery in this action was taken pursuant to the terms of the Protective

Order, in which this Court retained exclusive discretion and control regarding the treatment of

materials designated as confidential under the Protective Order, and retained inherent authority

to amend the Protective Order as appropriate;

        WHEREAS, Ambac filed a complaint in New York state court (the "State Court") on

February 17, 2011, against J.P. Morgan Securities, Inc. (formerly known as Bear, Stearns & Co.

Inc.) and EMC, asserting claims for breach of contract, fraud and tortious interference, *Ambac Assurance Corp. v. EMC Mortgage Corp., et al.,* Index No. 6500421/2011 (the "State Court Action");

WHEREAS, on July 13, 2011, a Stipulation and Order For the Production and Exchange of Confidential Information was entered in the State Court Action, attached hereto as Exhibit 1 (the "State Protective Order"), which includes substantially the same protections to parties and non-parties producing documents as the Protective Order; and

WHEREAS, to avoid unnecessary duplication, the parties seek a modification to the Protective Order to allow materials produced in this action to be used in the State Court Action.

IT IS THEREFORE HEREBY STIPULATED AND ORDERED:

1. Paragraph 5(a) of the Protective Order is modified to state: "Subject to paragraph 5(b) below, material designated as CONFIDENTIAL may be disclosed in this action, or, pursuant to the procedures and requirements of the State Protective Order, in the State Court Action only to (i) the parties to this action or to the State Court Action; (ii) the outside counsel to the parties to this action or to the State Court Action; (iii) experts and consultants retained by counsel or the parties in connection with this action or the State Court Action; (iv) the Court, Court personnel and Court reporters employed in this action or the State Court Action; and (v) outside vendors, such as copy services, computer services or litigation support services, to the extent necessary for the prosecution or defense of this action or the State Court Action, or compliance with a subpoena served in this action or the State Court Action."

2. Paragraph 5(b) of the Protective Order is modified to state: "Confidential materials shall not be disclosed to any person described in subparagraph 5(a)(iii) until: (i) the party seeking disclosure has notified the designating party of the person's identity and provided

- 2 -

10 days notice to allow the designating party an opportunity to object to the disclosure and seek appropriate protection from the Court, (ii) the designating party has not objected within 10 days or its objection has been denied by the Court, and (iii) such person has been shown a copy of this Order and has first agreed in writing to be bound by its terms by executing the Non-Disclosure Agreement attached hereto as Exhibit A. Provided, however, that to the extent the disclosure to the person described in subparagraph 5(a) is made in connection with the State Court Action, any objections shall be made to and resolved by the State Court pursuant to the terms of the State Protective Order."

3.      Paragraph 5(d) of the Protective Order is modified to state: "Whether or not designated as Confidential Materials, all documents, deposition testimony and other information that is received from another party in the course of this action (other than information that is publicly available other than by reason of having been filed with the Court in this action) shall be used by the parties to whom the information is provided solely for purposes directly related to the prosecution or defense of this action or the prosecution or defense of the State Court Action, or compliance with a subpoena in this action or the State Court Action, and not for any business, competitive, or governmental purpose or function whatsoever, or in connection with any other action or proceeding. To the extent materials are used in the State Court Action, they shall be governed by the terms of the State Protective Order, and any disputes regarding the use of such materials in connection with the State Court Action shall be resolved by the State Court."

4.      Paragraph 9 of the Protective Order is modified to state: "All Confidential Materials and copies thereof (other than copies of documents filed with the Court and attorney work-product) shall be destroyed or returned to the producing parties within 60 days after the final termination of the State Court Action, by settlement or exhaustion of all appeals."

- 3 -

5.     The foregoing modifications apply not only to the Protective Order, but also to the amendments to the Protective Order, dated August 20, 2009, June 16, 2010, and July 6, 2010.

Dated:        New York, New York
              October 25, 2011

**PATTERSON BELKNAP WEBB & TYLER LLP**
Attorneys for Ambac Assurance Corporation

By: _____
        Erik Haas
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222

**GREENBERG TRAURIG LLP**
Attorneys for EMC Mortgage Corporation

By: _____
        Eric N. Whitney
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Fax: (212) 801-6400

So Ordered:

_____
Honorable Richard M. Berman, U.S.D.J

10/27/11

- 4 -